------o✳o------

NELSON <em>against</em> SWAN.

THIS was an action of *assumpsit.* The declaration contained two counts : 1. The first count stated, that the plaintiff was possessed of 30 acres of land, in lot No. 139., in the *Oneida* reservation, which was advertised for sale, by virtue of a mortgage to the people of the state of *New-York,* and that, in consideration that the plaintiff had bargained and sold the same to the defendant, for a certain stipulated sum agreed upon, and that the plaintiff would accept the same, exclusive of 96 dollars, the defendant promised to pay the plaintiff 96 dollars, provided that, at the public sale of the land, it should be bid up only at such a sum that the defendant should find it for his interest to purchase ; and the plaintiff avers that, at the sale of the land, it was bid up for such a sum that the defendant found it for his interest to purchase, and receive, the title to the same, and actually did purchase, and receive, the same, by means whereof, &c.

Where there is a demurrer to the whole declaration, and one of the counts is bad, that count cannot be referred to for the purpose of helping out and aiding another count.

The common money counts may be united in one count, in which may also be comprised a count for goods sold in the like general form. But a count, generally, for *certain lands sold and conveyed* by the plaintiff to the defendant, without any particular description, is bad, and cannot be joined with the common counts.

2. The second count stated, that the defendant "was indebted to the said plaintiff, in the sum of 200 dollars, current money of the state of *New-York*, for certain lands sold and conveyed by the said plaintiff, to the said defendant, at his special instance and request ; also, in the further sum of 200 dollars, of like current money, as well for divers goods, wares, and merchandises, sold and delivered by the said plaintiff to the said defendant, at his like instance and request; also, as well for money paid, laid out, and expended by the said plaintiff, to and for the use of the said defendant, as money lent and advanced by the said plaintiff to the said defendant, at his like special instance and request : also, as well for work and labour, care and diligence done, performed, and bestowed, by the said plaintiff, in and about the business of the said defendant, at his like special instance and request, as on an account stated between them, in consideration whereof, &c."

The defendant demurred to the whole declaration, and assigned several causes of demurrer, of which it is only necessary to notice those that apply solely to the second count, the first count being admitted to be bad. These were, 1. That the causes of action stated in that count could not be joined. 2. That a general count, *indebitatus assnmpsit,* ought to be confined to a union of the money-counts alone. 3. That the stating an indebtedness for "certain lands," and "on an account stated," is too vague and uncertain. 4. That no promise to pay the sum of 200 dollars for the land is any where alleged. The plaintiff joined in demurrer.

*Storrs,* in support of the demurrer. He cited *Bailey & Bogert* v. *Freeman,* (4 *Johns. Rep.* 280.)

*Talcot,* contra. He cited 1 *Chitty's Pl.* 643. 1 *Saunders' Rep.* 108. 2 *Saund.* 379. 2 *W. Bl.* 410. 2 *Chitty's Pl.* 7. *Yelv.* 175.

THOMPSON, Ch. J., delivered the opinion of the court. This is a special demurrer to the whole declaration, which contains two counts. It was admitted, on the argument, by the plaintiff's counsel, that the first count could not be supported; but it was contended, that the second was good; and the demurrer being to the whole declaration, the plaintiff was entitled to judgment. The

second count is imperfect, unless helped by reference to the first; and when the demurrer is general, and one count is bad, nothing in that count can be resorted to for the purpose of helping out, and aiding, another count. We must look at the other count, as if the defective one was struck out of the declaration. Independently of this difficulty, however, the second cannot be supported. The special cause of demurrer is, that the count embraces several causes of action, some of which are too generally stated. It has been decided in this court, in the case of *Bailey & Bogert* v. *Truman*, (4 *Johns. Rep.* 283.,) that the common money-counts may be united in one, in the manner adopted in the declaration before us; and this is conformable to the established practice in *England.* The decision in this court went no farther than as to the money-counts. But this does not appear to be the limit according to the *English* practice and precedents; nor can there be any good reason urged why it should be. In the case in *Saunders*, (2 *Saund.* 122. *n.* 2.,) to which we refer as sanctioning the practice, the count for goods sold and delivered, is blended with the money-counts, under this general form. The generality of the statement of the several causes of action in one count would be exceptionable, as tending to a surprise upon the defendant, were it not for the practice of calling on the plaintiff for a bill of particulars, by which the defendant is better apprised of the particular cause of action than he would be by a more special count. But, in this case, the count also embraces a cause of action for land sold and conveyed, generally, without any particular designation or description. This is going further than is warranted by any precedents that have fallen under my observation, and further than ought to be sanctioned. Land sold and conveyed, is a good consideration for a promise ; but, in such case, according to the precedents, the land sold is particularly and specially described in the declaration ; and it is most advisable to adhere to the precedents, and not introduce too great laxity in pleading. The defendant must, accordingly, have judgment upon the demurrer, with leave, however, to the plaintiff to amend his declaration.

Judgment accordingly.