Curia, per Sutherland, J.
The evidence of Lawrence P. Whitbeck clearly establishes the fact of a settlement made between the plaintiff and the defendant, on the 31st day of October, 1822, and that the balancé of $648,14 was then found due td the plaintiff, Which the defendant, John I. Whitbeck, then expressly promised to pay. This Settlement related to the balance due to the plaintiff, for'the farm of which the defendant was then in possession, which the plaintiff had *previóúsly Owned, and upon which he had given a mortgage to John Whitbeck, junior, the father of the defendant; and the balance which the defendant promised to pay, was the value of the farm as agreed upon by the parties, over and above the mortgage. The judge charged the jury, that if they believed such promise, was made, the plaintiff was entitled to recover. Their verdict establishes the fact of the making of the promise, and is in entire accordance with the evidence.
The only important question, then, is, whether that promise was binding in law, as being without the statute of frauds, and whether it is supported by a good consideration.
John Whitbeck, the father of the defendant, had a mortgage upon the farm of the plaintiff. Subsequent to the giving of that mortgage, and in 1816, Peter Whitbeck obtained a judgment against the plaintiff, upon which his farm Was sold, and purchased in by Peter, (the plaintiff in the *285 judgment,) who received a deed for it from the, sheriff. The plaintiff subsequently paid Peter the amount of his judgment, so that all his claims upon the farm were entirely satisfied. In this stage of the business, John Whitbeek, the mortgagee, and the defendant, agreed to purchase the farm from the plaintiff. It was valued at $1800, and they were to deduct from that sum the amount of the mortgage, and pay the plaintiff the balance. The defendant accordingly moved on to the farm in 1820, the plaintiff moving off at the same time. The settlement in 1822 consisted in casting the interest on the mortgage, and ascertaining the. balance over and above it. Peter Whitbeek, who held the sheriff’s deed, was present at, the settlement, and told the defendant and his father, if they did not do what was right with the plaintiff, he would not assign the sheriff’s deed, or convey the farm to them.
In 1823 or 1824, Peter Whitbeek conveyed the farm to John Whitbeek, by an instrument in writing, sealed and endorsed on the baek of the sheriff’s deed to him, expressing a consideration of $16 paid. This Conveyance or assignment bears date in 1820, but is proved to have been made in 1823 or 4.
*JohnWhitbeek conveyed his interest in the farm to his son the defendant., in 1820, about the time when he took possession of it, as it would seem by way of gift or advancement ; and at the time of the settlement said, that as he had given John I. the farm, he must or ought to pay the plaintiff’s claims upon it; and the subsequent promise of the defendant to pay, shows that he admitted the propriety and justice pf the arrangement.
I am inelined to think the plaintiff had an equitable title -to, »or interest in the farm in question, which was a good consideration for the promise of the defendant. It will he recollected that the plaintiff had actually paid Peter Whit-beck the amount of his judgment, prior to the settlement with defendant, upon the understanding or agreement, that Peter, who had the legal title to the farm, should hold it for the benefit, and subject to the control of the plaintiff. This created a trust which I apprehend might have been enforcea *286 in a court of equity. It was, in effect, a re-purchase of the farm by the plaintiff, by a parol agreement, and the consideration money paid. The case of Jackson ex dem, Seelye v. Morse. (16 John. 197,) shows, that although the purchaser, under such circumstances, does not become seised at law, still he acquires an equitable interest, which a court of chancery will protect and enforce, by a decree for the specific performance of the contract. [1] The conveyance, then, from Peter to John Whitbeck, must be deemed as made at the instance and for the benefit of the plaintiff, and would unquestionably have been a good consideration for a promise on the part of a grantee, to pay the price or consideration money to the plaintiff. The promise to pay for land actually conveyed, need not be in. writing. (20 John. 340.) John I. Whitbeck, the defendant, having succeeded to all the rights and interest of his father in the premises, by a conveyance from him, upon the understanding or agreement (as the evidence warrants the belief,) that he should satisfy the claim of the plaintiff, his express promise to the plaintiff to pay, is clearly founded on a good consideration, and is not within the statute of frauds. It is not a promise to pay the debt *of another. ]By the contract between him and his father, he had made' the debt his own. Upon a consideration moving from the father to him, he promised to pay a third person, to whom the father was indebted. Here is an entirely new consideration for thé promise, which makes it, in effect and in judgment of law, the debt of the son.
This case is clearly distinguishable from that of Van Alstine v. Wimple, (5 Cowen, 162.) There, when the contract was made with Wimple, Van Alstine had no interest, either legal or equitable, in the land. He had not repaid the purchase money to Olcott, who purchased under the execution. ' Olcott verbally agreed to relinquish his purchase to Wimple, and Wimple agreed to pay Van Alstine $600 for the land. If Olcott had refused to carry this *287 agreement into effect, he could never have been compelled to perform it. It was an agreement in relation to land, and therefore void, and it was, as to him, entirely without consideration.
The parol evidence to show the true consideration of the deed, or assignment, from Peter to John Whitbeck, was properly received. The plaintiff was not a party, nor in strictness, I apprehend, a privy to that conveyance; and the rule which prohibits the contradiction by parol of what is expressed in a deed, even if applicable to the consideration, I understand is confined to the parties or privies to the deed. The rule is founded on the principle that a party is estopped from impeaching or contradicting his own deed. But the rule does not apply to the acknowledgment or consideration paid in a deed, even as between the parties. (Shepherd v. Little, 14 John. 210. Bowen v. Belly \20 John. 338.)
I see no error in the charge of the judge. The only question of fact was, whether the defendant made the promise relied upon. If he did, it was a question of law, whether, under all the circumstances of the case, the promise was binding.
There is nothing in the ground of newly discovered evidence. It is strictly cumulative upon one of the principal points in controversy upon the first trial.
Motion for new trial denied.

 See Malins v. Brown, 4 Comst. 403. Rhodes v. Rhodes, 3 Sanf. Ch. R. 279. Jackson v. Pierce, 2 John. 221.