JOHN BRADLEY, NORMAN L. WHITTEMORE and
THOMAS J. CHITTENDEN, Plaintiffs in Error,

*vs.*

SIMON LEVY, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF MILWAUKEE COUNTY.

Where by the terms of an express contract, payment is to be made, wholly or in part, by the delivery of specific articles of property, such contract must be specially declared upon in order to recover for a failure of payment; *i. e.* a failure to deliver such articles of property.

If the pleadings, or testimony on trial, disclose such a contract to be the foundation of the action, no recovery can be had upon the common counts.

When the performance of a special contract is, by the terms of such contract, to be compensated wholly in money, and the plaintiff, claiming payment, has fully performed on his part, he may recover on the common counts for money, in assumpsit.

In such case, the obligation on the part of the defendant to pay the money arises upon the contract itself.

In the former case, where payment is to be made by the delivery of specific articles, the obligation on the part of the defendant to pay the money, arises from the failure to deliver the articles, and which failure should be averred specially.

By the terms of his contract, a sub-contractor upon a railroad was to be paid for his work 86 2-3 per cent. in cash, and 13 1-3 per cent. in the stock shares of said railroad company: Held, that he could not recover for work done under such contract, upon the common counts of his declaration.

THE defendant in error brought an action of assumpsit in the court below, against the plaintiff in error, for work done upon certain sections of the La Crosse and Milwaukee Railroad, then being in the course of construction.

The amended declaration of the plaintiff below appears to have contained two special counts and also the usual common counts. The second count of the declaration was demurred to by defendants, and the demurrer sustained by the court below. Issues of fact were joined upon the other counts.

The special count in the declaration upon which issue was joined, set forth a written agreement entered into between the plaintiff below and the defendants, on the 27th day of Septem-

ber, 1853, in and by which the plaintiff undertook and agreed to construct and finish, for the said defendants, who were contractors on the La Crosse and Milwaukee Railroad, sections of said road numbers 24, 25 and 26, to the satisfaction and acceptance of the engineer of said railroad company, and according to the several detailed specifications attached to said contract, on or before the first day of March, A. D. 1854; and in and by which agreement the defendants, also, on their part, on condition of the fulfillment by the plaintiff, undertook and agreed to pay said plaintiff for doing said work, the certain specified rates and prices therein detailed and set forth, upon the monthly estimates of the chief engineer, as the work should progress, in manner following, viz: *Eighty-six and two-thirds per cent. in cash; the remaining thirteen and one-third per cent. to be retained until the work is completed, and then to be paid in full paid shares of the capital stock of said railroad company.*

The plaintiff avers performance of the contract on his part; and the execution and completion of a large amount of said work, specifying the same; and a readiness and willingness on his part to perform and complete the whole of the said work, in pursuance of the agreement; and alleges that the defendants refused to pay for the work done, at the times and in the manner as they had undertaken and promised in and by the agreement; and did not, nor would, permit or suffer the plaintiff to proceed to complete the said work, but hindered and prevented him, &c.

The contract, including the specifications attached, the testimony and proceedings in the court below, are of great length; and, as the decision in this court involves but a single point, so much and such parts of said testimony, contract and proceedings as do not relate to or affect the question decided, are omitted here.

The bill of particulars of the plaintiff's demand contained items of claim for work done and materials furnished on sections 24, 25 and 26, aforesaid, and also on sections 30 and 31.

The foundation of the claim for work done on sections 30 and 31, was exhibited in the special count in the declaration to which a demurrer had been sustained in the court below; and the

claim was now persisted in under the common counts, and depended on the circumstances briefly stated as follows:

Previously to the contract with defendants, Bradley, Whittemore & Co., the plaintiff, Levy, had entered into a contract with Sherwood, Ellis & Co., sub-contractors under Bradley, Whittemore & Co., for the construction of said sections 30 and 31; and which contract provided that said Levy should draw his pay upon the monthly estimates for said work directly from Bradley, Whittemore & Co., the general contractors for the whole road. Upon which contract, Bradley, Whittemore & Co., had indorsed their consent and acquiescence as follows:

. "We hereby consent to the conditions of the within contract.                    BRADLEY, WHITTEMORE & Co."

This contract also contained a provision for the payment for the work, viz: *Eighty-six and two-thirds per cent. in cash, and thirteen and one-third per cent. in full paid shares of the capital stock of the railroad company.*

On the trial of the cause before the court below, the counsel for the defendants moved the court to instruct the jury:

"That the plaintiff cannot recover against the defendants for any work done by him on sections 30 and 31, under the contract dated August 27, 1853, between the plaintiff and Sherwood, Ellis & Co."

Which point of instruction his Honor, the judge, then and there refused, and instructed the jury as follows:

"The plaintiff cannot recover by force of the contract or endowment of the defendants thereon, but may recover for the work, as work done for the use and benefit of the defendants, by their assent and approval, on an implied assumpsit."

The court further instructed the jury, "that although the work done on sections 30 and 31, was not to be paid for by the defendants as a legal obligaton, imposed by their indorsement on the Sherwood, Ellis & Co. contract, yet the fact that the defendants made that indorsement is in proof; the fact that Sherwood, Ellis & Co., and the plaintiff agreed, in and by that contract, that

the plaintiff should be paid by the defendants, is also in proof; and it is also claimed by the plaintiff that the receipts and estimates presented by the defendants in this case, show that the defendants did, from time to time, make payments to the plaintiff on account of work there done; and that it further appears that the defendants were liable, as general contractors, for the final completion of all the work done or contracted to be done by the plaintiff; and if this proof, or any other proof in the case shall satisfy the jury that the plaintiff did the work on sections 30 and 31, with the knowledge and assent of the defendants, looking to them for his pay, then they are and were, from the beginning, liable to pay for so much work as they have suffered and encouraged the plaintiff to perform; and for such work they are liable to pay according to the Sherwood, Ellis & Co. contract as to the price, up to December 1st; and either at such price, or according to the actual value for work done, after that time, according as the proof may require under the instructions already given."

To which instructions (among many others) the defendants excepted.

The bill of exceptions, and the assignment of errors are too voluminous for insertion here, especially as no decision was made upon the greater part of the points discussed by counsel.

*Newhall & Lynde*, for plaintiffs in error.

1. The court erred in ruling that the defendants were liable to the plaintiff for work done by the plaintiffs, on sections 30 and 31, under the agreement in writing, between Sherwood, Ellis & Co., and that the plaintiff could recover against the defendants for the same under the common counts in this suit.

1st. The agreement indorsed by the defendants, upon the contract between the plaintiff and Sherwood, Ellis & Co., is within the statute of frauds and void: because it is a special promise to answer for the debt or default of another, and expresses no consideration. *R. S.* 388; *Hall vs. Farmer,* 5 *Denio,* 484; 2 *Const.* 553.

2d. The work of the plaintiff up to December 1, 1853, was

done for Sherwood, Ellis & Co., under a special agreement in writing, and there can be no promise implied against the defendants to pay for such work. *Parker vs. Emery,* 28 *Maine,* 492; *Sherman vs. Stanton,* 1 *Tyler,* 350; *Draper vs. Randolph,* 4 *Harr.* 656; *Ladue vs. Seymour,* 24 *Wend.* 60.

A sub-contractor cannot resort to the principal, but must look to his immediate employer (*Cleves vs. Stockwell,* 33 *Maine,* 341); and a verbal promise to pay for work, by the general contractor, would be null and void. *Curtis vs. Brown,* 5 *Cush.* 488; *Tompkins vs. Smith,* 3 *Stew. & Port.* 54; *Payne vs. Baldwin,* 14 *Barb. S. C.* 570; *Lawson vs. Wyman,* 14 *Wend.* 246; *Smith vs. Smith,* 1 *Sandf. S. C.* 206; *Jackson vs. Rayner,* 12 *John.* 291.

The fact appearing from the testimony of either party, that the work was done for other persons under a special contract with them, is a bar to a recovery under the pleadings in this suit. *Damer vs. Langton,* 1 *Car. & P.* 168; *Morse vs. Ross,* 7 *N. H.* 528.

3d. If the defendants are liable, it is upon the collateral undertaking. It is well settled that there can be no recovery upon such collateral undertaking, except upon a special count. *Mines vs. Sarlthorp,* 2 *Camp.* 215; *Northrop vs. Jackson,* 13 *Wend.* 85; *Brickham vs. Irvin,* 3 *Yeates;* 66; *Elder vs. Warfield,* 7 *Har. & John.* 391; *Parker vs. Emery,* 28 *Maine,* 492.

4th. If the agreement is to pay in any other form than in money, there can be no recovery under the common counts. *Morrison vs. Berkey,* 7 *S. & R.* 246; *Sheaver vs. Jewett,* 14 *Pick.* 232; *Ranlett vs. Moore,* 1 *Foster,* 336; *Spratt vs. McKinney,* 1 *Bibb,* 595; *Brookes vs. Scott,* 2 *Munf.* 344; *Woods vs. Fleming,* 6 *id.* 506; *Cochran vs. Tatum,* 3 *Monr.* 405; *Newman vs. McGregor,* 5 *O. R.* 351.

*Stark & Arnold,* for defendant in error.

[The points made in the brief of Stark and Arnold are chiefly upon matters not adverted to in the opinion of the court.]

*By the Court,* WHITON, C. J. We shall express no opinion

upon many of the questions discussed by the counsel who argued this cause, for the reason that the declaration of the plaintiff below is insufficient to warrant a recovery of a portion of the sum claimed by him, upon the facts relied upon for that purpose.

There can be no doubt that the claim of Levy for a part of the work done, before the first day of December, arises upon the contract which he made with Sherwood, Ellis & Co., both as to the price to be paid him for the work, and the mode of payment. By that contract he was to be paid partly in money, and partly in the stock of the said railroad company.

Admitting that the defendants below are liable to Levy for the work performed upon those sections of the road embraced in the contract with Sherwood, Ellis & Co., they can only be liable to the extent, and be called upon to make payment only in the mode, fixed in the contract.

The defendants, therefore, became liable to pay Levy for his work partly in money, and partly in the stock above named. It was necessary, therefore, for the plaintiff to declare against the defendants specially for not paying the money, and not delivering the stock according to the contract. It was contended before us by the counsel for Levy, that the defendants became liable to pay Levy the money for all the work which he performed, by their failure to deliver the stock according to the contract, and that his demand, having become a demand for money only, could be so declared upon.

It is true, that when a special contract has been wholly performed by one of the parties to it, and the other party can perform on his part only by the payment of money, the money thus due can be recovered upon the common counts for money in assumpsit. The reason is, that when the contract has been performed by the plaintiff, the obligation of the defendant to pay the money, arises upon the contract itself. But when the contract on the part of the defendant is not to pay money, but to deliver to the plaintiff specified articles of property, the right of the plaintiff to recover the money, arises, not from the performance of the contract on his part, but from the failure of the

defendant to deliver the property. *King et. als. vs. Kerr*, 4 *Chandler R.* 159.

In this case the right of Levy to recover the money for that part of the work which was to be paid for in the railroad stock, arises from the failure of the defendants to deliver the stock.

That portion of the charge of the judge to the jury, in which he instructed them that they might find in favor of the plaintiff for work done on the sections of the road embraced in the contract of the plaintiff with Sherwood, Ellis & Co., on an implied assumpsit, if the proof warranted it, was therefore erroneous.

We must, therefore, reverse the judgment, and send the case back to the circuit for a new trial.