## CHARLES B. BASFORD *vs.* SARAH A. PEARSON.

If a deed which is complete in form with the exception of the omission of the name of the grantee is in that condition signed and sealed, the subsequent insertion of the name of the grantee and the change of a qualified covenant into an absolute one, in the absence of the grantor, though by his parol authority, will make the deed invalid as to him, and no action will lie against him upon any of the covenants therein contained. And it is immaterial that such alterations are made by a co-grantor, and that a description of the occupation of the contemplated grantee had been inserted at the time of such signing and sealing.

If under an oral agreement for an exchange of lands one party has executed and delivered his deed, and the other has refused or failed to fulfil his agreement, or delivered an invalid deed, no action for money had and received can be maintained against the latter, although the land conveyed to him was estimated at a fixed sum, and has since been sold by him and converted into money. The declaration should be for the price or value of the land.

CHAPMAN, J. This is an action of contract for the breach of the covenants of seisin and warranty contained in a deed alleged to have been made by both of the original defendants; and a count is added for money had and received. The husband having been discharged in insolvency the suit has been discontinued as to him, and is now prosecuted against the wife alone. She denies that the deed declared on is her deed.

It appears that the deed was signed and sealed by her and her husband, but the name of the grantee was at that time left blank. The printed form which was used contained the usual covenants of seisin and warranty, but words were added to the latter covenant, making it a limited covenant against " all persons claiming by, through or under us, [the grantors,] but against none others." She gave it to her husband in this imperfect condition, and he delivered it to the plaintiff in her absence. Before the delivery, he inserted the name of the plaintiff as grantee, and erased the words which limited the covenant of warranty, thereby making the warranty general against all persons. This was done by virtue of parol authority which he had previously received from his wife, and with the knowledge of the plaintiff; but the wife was not present, and it does not appear that she was informed that it had been done. The addition and erasure thus made constituted substantial alterations and it has been

so recently settled that such alterations cannot be made by an attorney in the absence of the grantor, without a power under seal, that the point need not be again discussed. *Burns* v. *Lynde,* 6 Allen, 305.

The consideration in the deed as it was when signed by Mrs. Pearson was expressed to have been paid " by ———— of Boston, county of Suffolk and state aforesaid, trader ; " and it is contended that this distinguishes the present case from the one referred to, because the word " trader," with the addition of his residence, indicates a particular grantee. It might, in strictness, be a sufficient answer to this suggestion to say that it indicates merely the person who paid the consideration, and that such person is not necessarily the grantee. But the better answer is, that it does not sufficiently indicate any particular grantee, and the husband might have filled it with any name he might choose to select from a very large class of persons. The fact that he was a joint grantor with his wife did not enlarge his authority in respect to the filling of blanks or the alteration of covenants. As the deed is not the deed of the wife, this action cannot be maintained against her upon any of its covenants, and the ruling on this point was right.

The plaintiff asked leave to amend his declaration by adding a count for money had and received, as the proceeds of the real estate which the plaintiff had conveyed to her, and which she had sold for cash. But the court ruled that the action could not be maintained upon the existing count, nor upon the proposed amended count. The case has been argued somewhat more broadly than this, upon the question whether the plaintiff can recover upon any amended count which he might obtain leave to file, and a proper consideration of the exact question upon which the ruling was made requires that the case should be discussed upon this broad ground.

It appears that there was an oral agreement between the plaintiff and the defendant's husband, acting as her agent, that the plaintiff should convey to her, to hold to her sole and separate use, certain real estate in Chelsea, which was to be taken by her at a fixed value in money, namely, $750, and that, in

consideration of this, the defendant and her husband were to convey to the plaintiff the real estate supposed to be referred to in the deed on which this action is brought, and which was represented to be the property of the defendant, which she held to her own sole and separate use. The plaintiff accordingly made the deed of his real estate in Chelsea, and delivered it to the defendant's husband for her. Before this action was brought she sold and conveyed this estate, and converted it into money, receiving the proceeds to her sole and separate use. The plaintiff contends that if her deed is invalid he is entitled to recover on his count for money had and received, not only because the deed is invalid, but he also offered to prove at the trial that no such land as that purporting to be conveyed by the deed ever existed.

If he had succeeded in proving the fact that there was no such land, it would have appeared that all he has ever received as a consideration for the land conveyed by him to the defendant was a deed with covenants of seisin and warranty, duly executed by her husband.

If there was no such land as the husband's deed purported to convey, the plaintiff had an immediate right of action against him; for the covenant of seisin is immediately broken when a deed purports to convey land that does not exist. *Bacon* v. *Lincoln*, 4 Cush. 210. The defendant contends that this covenant constitutes a consideration which should have been returned or tendered or released before this action was brought. This position assumes that the covenants in the deed are the consideration for which he made his conveyance, or at least are a substantial part of it. But they are not to be so regarded. The land which was to be conveyed was the consideration; and, in a case like this, where no title passes, there is a total failure of the consideration, notwithstanding the covenants in the deed. This is so in respect to both real and personal property. *Dickinson* v. *Hall*, 14 Pick. 217. *Rice* v. *Goddard*, Ib. 293. *Trask* v. *Vinson*, 20 Pick. 105. In the earlier case of *Knapp* v. *Lee*, 3 Pick. 452, the point is discussed but not fully settled.

If then the plaintiff has conveyed to the defendant real estate

for a consideration which has totally failed, the question arises whether he has a remedy by means of this action, either in its present form, or aided by any amended count which he may have leave to file. The case of *Griswold* v. *Messenger*, 6 Pick. 516 has been supposed to be an authority against maintaining an action of assumpsit to recover the value of land sold and conveyed. But that is not the point on which that case turned. The statement of facts shows that Griswold had conveyed to Messenger certain real estate on the sole consideration that Messenger would convey it to Griswold's wife. His promise being oral was void by the statute of frauds. And the court merely decided, without giving any reasons for their opinion, that the oral evidence which was offered to prove such a promise was inadmissible. The strongest points which were made in the argument for the plaintiff, and the authorities by which they were supported, do not appear to have been considered.

On principle, a sale of land should be regarded as a good consideration for a promise, and where there is an oral promise to pay the price in money presently, the promise is not within the statute of frauds. There is no good reason, therefore, why assumpsit should not always have been maintained to enforce such a promise. In 2 Chit. Pl. 39, two forms of counts in assumpsit are given on a promise to pay money in consideration of land sold and conveyed. And it has been repeatedly held in New York that the action would lie. *Nelson* v. *Swan*, 13 Johns. 483. *Shepard* v. *Little*, 14 Johns. 210. *Bowen* v. *Bell*, 20 Johns. 338. *Whitbeck* v. *Whitlock*, 9 Cow. 266. In this court actions of assumpsit have been maintained on an implied promise to pay money, the consideration of which was the conveyance of real estate. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Felch* v. *Taylor*, 13 Pick. 133. *Pike* v. *Brown*, 7 Cush. 133. *Braman* v. *Dowse*, 12 Cush. 227. We think that upon principle and authority an action of contract will lie to enforce any oral promise to pay money presently in consideration of real estate sold and conveyed by the plaintiff to the defendant.

But when, as in the present case, and in the case of *Griswold* v. *Messenger*, the alleged oral promise is not to pay money, bu

to convey real estate or do some other act within the statute of frauds, if the grantor can recover, it must be upon some additional ground.    In *Gray* v. *Hill*, Ry. & Mood. 420, Best, C. J. held that where the defendant, in consideration of certain repairs to be made by the plaintiff, agreed to assign a lease to the plaintiff, and after the repairs were made refused to make the assignment, and set up the statute of frauds as a defence, the law implied a promise to pay for the repairs, and this implied promise was not touched by the statute of frauds.    The agreement having been executed by the plaintiff, it was held that the defendant was legally liable to remunerate him for what he had done.    If the decision in *Griswold* v. *Messenger* is right, the oral evidence ought to have been excluded in *Gray* v. *Hill*, and thus the statute of frauds would have been made a shield to fraud.    But by admitting this evidence of the promise to assign the lease, not for the purpose of enforcing it, but for the purpose of showing that the consideration to be paid for the repairs had failed, and applying to the case the equitable doctrine of an implied promise, the learned judge gave the statute of frauds its full legitimate force, and prevented it from operating as a protection to fraud.    In *Gillet* v. *Maynard*, 5 Johns. 85, the defendant had orally agreed to convey to the plaintiff a certain tract of land, for which the plaintiff was to pay in advance by instalments. After the plaintiff had paid several instalments, the defendant refused to receive the balance and to convey the land, and relied upon the statute of frauds in his defence.    It was held that though he was not obliged to convey, because his promise to convey was void, yet his refusal to convey and taking advantage of the statute had the effect to rescind the contract, and raise an implied promise to repay the money he had received under it. The principles that governed this decision were the same that governed that of *Gray* v. *Hill.*    The same doctrines in substance have been held by this court in *Kidder* v. *Hunt*, 1 Pick. 328;  *Thompson* v. *Gould*, 20 Pick. 134, and *Cook* v. *Doggett*, 2 Allen, 439.    In the cases cited, the consideration paid by the plaintiff was either money or labor and materials.    In the present case it was a conveyance of land, but that fact does not

affect the principles which are to govern the defendant's promise and her refusal to perform it. Therefore upon a refusal of the defendant to convey to the plaintiff the land which she had orally agreed to convey. to him, he might recover upon her implied promise to pay the value of the land conveyed to her, on a count for land sold and conveyed. So if he should prove that the land which she professed to convey to him had no existence. The failure of the consideration, in case the land does not exist, does not consist in the fact that the deed was imperfectly executed, but in the fact that it would have conveyed nothing if it had been executed. It is in substance a refusal to perform her oral agreement to convey to him a tract of land in payment for that which he conveyed to her.

But the action must rest on the ground that the land does not exist, or, if it does exist, that she refuses to convey it or cannot convey it. If it does exist, and she has good right to convey it, the bill of exceptions does not show that she has been in any fault. In her absence the plaintiff impliedly assented to the alterations which were made in the deed, and then accepted it. Until he shall have notified her of the alterations, and requested her to redeliver the deed, there will have been no refusal on her part to make it perfect, and thus convey to the plaintiff all that he was entitled to receive.

But if the plaintiff shall succeed in proving the non-existence of the land, his cause of action will not be the receipt of money by the defendant upon her sale of the land which he conveyed to her. He would have had a good cause of action if she had kept the land till the present time. His right to recover will be upon her implied promise to pay the agreed price for the land, namely, seven hundred and fifty dollars. Such a cause of action is not properly described by a count for money had and received, but by a count for land sold and conveyed. The difference, however, is technical rather than substantial, and it will be in the power of the superior court to allow the plaintiff to add such a count by way of amendment. But the motion for amendment must be addressed to the discretion of that court. The presiding judge did not rule that the action could not be

maintained on such a count, and the plaintiff's exceptions cannot be sustained. If he desires to proceed further in the action, he must begin by a motion to amend. *Exceptions overruled.*

*I. Knowles, Jr.*, for the plaintiff.

*A. A. Ranney*, for the defendant.