SYLVESTER TRIMMER, RESPONDENT, *v.* ZACHARIAH TRIMMER, APPELLANT.

*Evidence — res gestæ — what statements do not constitute part of.*

This action was brought to recover the amount alleged to be due to the plaintiff upon a sale of certain real estate made by his assignor to the defendant. Upon the trial the person who drew the deed was called as a witness and stated, against the defendant's objection and exception, that the grantor, at the time he was executing the deed (the grantee not being present) stated to the witness that the purchase-price had not been paid, but that the grantee had promised to pay it whenever he should be requested so to do.

*Held*, that the statement did not constitute a part of the *res gestæ*, and should have been excluded. (TALCOTT, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to recover the purchase-price of certain land sold and conveyed to the defendant by Leonard Trimmer, the plaintiff's assignor. The referee found, upon conflicting testimony, that a portion of the price had been paid, and he reported in favor of the plaintiff for the remainder.

*A. J. Wilkin*, for the appellant.

*G. E. Ripson*, for the respondent.

SMITH, J.:

The only questions in this case deserving consideration are presented by exceptions to certain rulings of the referee, admitting testimony offered by the plaintiff.

The testimony of the plaintiff's witness, Losee, as to declarations made by the defendant's son William, was received conditionally, on the statement of the plaintiff's counsel, that he expected to show that William was acting, at the time, as the agent of the defendant. That expectation was not realized. There was no evidence in the case that the defendant authorized his son to procure a deed to be drawn. The bare fact of his subsequent acceptance of the

deed is no evidence of a prior authorization, nor does it appear that he accepted with knowledge of his son's declarations. Besides, the defendant and his son testified that the latter had no authority from his father to procure the deed. The testimony was, therefore, improperly received, but as the whole case is before us, and not the exceptions, alone, it is proper to inquire whether the testimony in question prejudiced the defendant. (*Crary* v. *Sprague*, 12 Wend., 41; *Beebe* v. *Bull*, id., 504; *Cameron* v. *Irwin*, 5 Hill, 272; *Watson* v. *Campbell*, 38 N. Ÿ., 153; *Porter* v. *Ruckman*, id., 210.) The declarations testified to had no possible bearing on the question of payment, which was the only issue in the case. The testimony of Losee, that the son told him he need not be particular to read the deed to the old man (the plaintiff's assignor), if uncontradicted, may have affected the credit of the son, who was afterwards called as a witness for the defendant, but to make it admissible for that purpose it was not necessary to show that the son had authority to act for his father, and the attention of William was called to it when he was on the stand, and he fully contradicted it. On the whole, were this the only testimony the admissibility of which is questioned, I should hardly be prepared to say that it constitutes a substantial ground for reversal.

But another item of testimony elicited by the plaintiff's counsel, from the witness Losee, presents a more serious question. The witness was permitted to testify, in the face of an objection, that when the old man (Leonard Trimmer) executed the deed, he said to the witness that he had not got his pay for the land, but Zachariah had agreed to pay him when he wanted it. It did not appear that the defendant or his son William was present at the time when the declaration was made. The plaintiff's counsel claims that the declaration was a part of the *res gestæ;* not so, it was merely a casual conversation between the grantor and the scrivener, having no necessary connection with the act of signing or delivering the deed, and no legitimate tendency to characterize or qualify the deed, in the face of the written declaration contained in it that the consideration was paid. The *res gestæ* were the transactions between the parties to the deed; and the words which passed casually between the grantor and the scrivener, who in no way represented the grantee, were no part of them. The testimony was clearly

inadmissible. Was it prejudicial to the defendant? It could hardly have been otherwise; it bore directly upon the very point in controversy, and although the grantor was afterwards called as a witness and gave testimony of the same import as his declarations, yet it is impossible to say that his testimony did not, in the judgment of the referee, derive credit and corroboration from the declarations themselves. We see no way of avoiding the conclusion that the reception of this item of evidence was erroneous.

Judgment reversed and a new trial ordered before another referee, with costs to abide the event.

MULLIN, P. J., concurred.

TALCOTT, J. (dissenting):

This action is to recover the price unpaid on the conveyance of thirty-six acres of land by Leonard Trimmer, the father of both parties, to the defendant. The claim was subsequently assigned to the plaintiff in the action. The appellant presents for consideration several exceptions to the admission and rejection of evidence.

The production of the deed, which, in the usual form, acknowledged the payment of the purchase-price, *prima facie* establishes the fact of such payment; and although the referee says, in one part of his opinion, that the burthen of proving payment rests on the defendant, I do not understand him as asserting this as an abstract principle of the law of evidence, but only as applicable to the facts proved in this case, the grantor having, as a witness, denied that any payment on account of the purchase-money was made at the time of the conveyance, but claiming that the defendant was to pay the purchase-price afterward, at such times as the grantor should need the money; and the defendant himself, not controverting this statement, but claiming that he had made full payment afterward from time to time, by applying indebtedness due from the grantor to him on various accounts, so that, in my opinion, the referee is to be understood that, on the facts and concessions in the case, it must be assumed that the acknowledgment of payment contained in the deed was not, in point of fact, true as indicating that any payment was made at the time of the conveyance.

In general the consideration clause of a deed is not within the

rule excluding parol evidence to contradict a writing. (*Adams* v. *Hull*, 2 Denio, 306 ; *Whitbeck* v. *Whitbeck*, 9 Cow., 266 ; *Shephard* v. *Little*, 14 Johns., 210 ; *Witbeck* v. *Waine*, 16 N. Y., 538.)

It seems that a deed had been drawn up by one Borst for the purpose of conveying the land in question, the description contained in which was not clear and satisfactory, and therefore William E. Trimmer, a son of the defendant, applied to one Losee to draw another deed, with a different and more perfect description of the premises intended by the grantor to be conveyed. Losee, as a witness, was inquired of by the plaintiff's counsel as to what was stated by William E. Trimmer, when he applied to the witness to have the new deed drawn. To this question the counsel for the defendant objected, on the ground that the evidence called for was immaterial, and that William was not shown to be the agent of the defendant. The referee overruled the objection on the ground assumed by the plaintiff's counsel, that the plaintiff expected to show that William was acting as the agent of the defendant. The objection, therefore, merely went to the order of proof, and if the plaintiff afterward failed to make proof of the agency, it was incumbent on the defendant, if he intended to rely on this objection, to move to strike out so much of the testimony as related to what the supposed agent had said to Losee. But, moreover, the evidence objected to was wholly immaterial to any issues in the action, and could not have, in any way, affected the conclusions of the referee, or any issue presented by the case.

The witness Losee further stated, in the course of his examination, that when the grantor and his wife *executed and acknowledged* the deed, " I said to the old man (the grantor) you are deeding away about the last piece of property you have got; have you got your pay for it ? " He said, " No, but Zachariah had agreeed to pay him when he wanted it." To this testimony the defendant objected, and on the objection being overruled took an exception.

My brethren differ with me as to the admissibility of this evidence, and think a new trial should be ordered in consequence of the ruling of the referee, whereby the testimony was held admissible.

I think the declaration of the executor made at the time of executing and acknowledging the deed, as to whether the consideration mentioned in the deed had been paid, and that an arrangement

had been made for the payment thereof, in future, was plainly a part of the *res gestœ* and admissible as a declaration accompanying an act, and as tending to counteract the effect of the evidence of payment afforded by the formal acknowledgment of the payment of the consideration contained in the deed which he was then in the act of executing and acknowledging. The same witness was subsequently asked, "Did you at the time measure off the land described in the Borst deed drawn by you?" This the plaintiff's counsel objected to as immaterial. The testimony of the witness upon this subject could have had no bearing upon any issue in the case. There was no controversy about the quantity of land conveyed in the deed which was finally executed, and the testimony was wholly irrelevant. The testimony of the defendant as to whether he had received any thing from Eliphalet's estate, by the hands of the grantor, was simply explanatory of testimony which had been given by other witnesses, as to the distribution which had been made of the estate of a deceased brother, and was wholly immaterial to any issue in the action. The questions of fact decided by the referee were as to the amount which should be allowed to the defendant as payments toward the purchase-price of the land conveyed, and I think, so far as we are able to see, on the vague and conflicting evidence, the findings of the referee were quite as favorable as could be justified under the answer of the defendant; and on the whole case I think the judgment should be affirmed. But as my brethren differ with me as to the admissibility of the evidence of Losee as to the declarations of the grantor made at the time of the execution and acknowledgment of the deed, and are of the opinion that for the admission of that testimony, the judgment should be reversed and a new trial ordered, it must be reversed accordingly.

Judgment reversed and new trial ordered before another referee, costs to abide event.