## JAMES NUGENT v. CARLOS TEACHOUT.

*Pleading—Common counts—Lands sold and conveyed—Statute of frauds.*

1. It has not generally been understood in Michigan that the common counts, as used in our practice and pleading, include a count for real property sold and conveyed.

2. Pleadings in justice's court have always been liberally construed, and *substance* rather than *form* has been regarded in passing upon them.

3. The chief object of a declaration is to fairly apprise the opposite party of the cause of action and claim of the plaintiff, and when this is clearly done, and a cause of action is stated, the pleading is sufficient.

4. A bill of particulars is explanatory of the declaration, and an amplification of it.

5. The *indebitatus* count includes a count for real property sold, and such count was used to recover the price of an estate sold by the plaintiff to the defendant, as laid down in 1 Chitty, Pl. (16th Amer. ed.) 351, 352, 354; and it has been held in many cases that, where the agreement to pay the price of the land was to pay the same in money, such price could be recovered under a general count for lands sold and conveyed (see authorities cited in opinion, p. 575).

6. Under a declaration upon *all* of the common counts in assumpsit, amplified by a bill of particulars claiming, among other things, for the balance of the purchase price of a parcel of land, specifically described, sold by plaintiff to defendant, the plaintiff can

| | |
|---|---|
| 67 | 571 |
| 67 | 585 |
| 67 | 571 |
| 69 | 250 |
| 67 | 571 |
| 74 | 323 |
| 67 | 571 |
| 78 | 468 |
| 67 | 571 |
| 95 | 201 |
| 67 | 571 |
| s35NW | 254 |
| j132 | 8420 |
| 67 | 571 |
| 139 | 8 82 |
| 67 | 571 |
| d155 | 4374 |

proceed on the trial the same as if he had specifically named a count for lands sold and conveyed as one of the common counts, or had counted generally for lands sold and conveyed.

7. When some *specific* thing is to be delivered in payment for lands, the agreement to so deliver, and the breach, must be specially pleaded; but when a special contract has been wholly performed by one of the parties, and the other can only perform his part by the payment of money, the money then due can be recovered upon the common counts in *assumpsit*.

8. Where a portion of the purchase price of land conveyed to the vendee consisted of real estate agreed to be conveyed to the vendor, which agreement the vendee refused to perform, but retained the land so conveyed,—

    *Held*, that, although the agreement of the vendee was void under the statute of frauds, yet his refusal to perform it had the effect to rescind the contract, and raised an implied promise to pay for what he had received upon it.

Error to Mecosta. (Fuller, J.) Argued November 3, 1887. Decided November 10, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Palmer & Palmer*, for appellant.

*Jennings & Mann*, for plaintiff.

MORSE, J. It appears from the evidence on behalf of the plaintiff in this case that, on the eighteenth day of December, 1884, James Nugent and wife deeded to the defendant 40 acres of land in the township of Barton, in Newaygo county. The expressed and actual consideration for this deed was $1,000. It was to be paid for as follows: Defendant was to pay a mortgage upon the premises of $700, and convey to plaintiff an acre of land, upon which there was a house, in Cadillac. There was another mortgage of $50 upon the land deeded to defendant by Nugent, and also $40 back upon the Cadillac property, both of which sums plaintiff was to pay and satisfy. At the time of the trade the house at Cadillac was rented. The rent was to be applied on the $40.

Teachout not only refused to deed the Cadillac property to Nugent, but sold it to a third party.

Thereupon plaintiff commenced suit to recover the balance of the purchase price of the 40 acres from defendant before a justice of the peace in the city of Big Rapids, declaring orally upon "all of the common counts" in assumpsit, and filed a bill of particulars as follows:

"1884. Dec. 1. Balance of the purchase price of S. E. ¼ of S. E. ¼ of section 25, town 16 north, of range 11 west, sold by plaintiff to defendant_____ $250 00
1885. Feb. 1. To money had and received_____ 10 00
1885. March 1. To money had and received_____ 10 00

$270 00"

Defendant filed items of off-set as follows:

"Dec. 1884. To interest on mortgage_____ $24 00
To money loaned_____ 2 00"

The two items of $10 each in plaintiff's bill were for moneys paid by him to Teachout towards the $40 on the lot at Cadillac. Plaintiff also paid $15.50 on the $50 mortgage.

The plaintiff had judgment in the justice's court for $261.50.

Defendant appealed to the Mecosta county circuit court.

Upon the trial in that court, before a jury, the plaintiff recovered a judgment for $224.95.

The testimony in favor of the plaintiff was all taken under objection, and the contention of the defendant in that court and this is that the plaintiff under his own showing could not recover upon the common counts. It is insisted that he should have declared specially upon the contract for the exchange of the lands, and alleged the breach of such contract, and the damages arising from such breach.

The counsel for plaintiff claim that under the common counts they are entitled to recover, because the contract was expressly rescinded by the defendant when he deeded the Cadillac property to another; that the plaintiff was then at liberty to acquiesce in this rescission, and sue the defendant for the value of the land conveyed to him by plaintiff. They also

claim that "all the common counts" include a count for "lands sold and conveyed." See 1 Chit. Pl. 340, 343, 344.

It has not generally been understood in this State that the common counts, as used in our practice and pleading, include a count for real property sold and conveyed. All the blanks in use, and the precedents given in the works on practice in this State, do not contain any such count as one of the "common counts."

Upon an oral declaration in justice's court upon all the "common counts," the defendant would not naturally be apprised that the recovery was intended upon such a count. In this case, however, the bill of particulars notified defendant fully of the nature of the plaintiff's claim.

Pleadings in justice's court have always been liberally construed, and substance rather than form has been regarded in passing upon them.

The chief object of a declaration is to plainly apprise the opposite party of the cause of action and claim of the plaintiff. When this is clearly done, and a cause of action is stated, the pleading is sufficient. The bill of particulars is explanatory of the declaration, and an amplification of it. In this case the bill of particulars notified defendant that the plaintiff claimed the unpaid balance upon the land sold and conveyed to the defendant, and also informed him that the recovery of it was claimed under the declaration upon "all of the common counts" in assumpsit.

If, therefore, the count for lands sold and conveyed can be regarded as one of the common counts, the plaintiff could maintain his action under his pleadings, provided his claim was one that did not require a special count.

According to Chitty the common counts were of four descriptions:

1. The *indebitatus* count.
2. The *quantum meruit*.
3. The *quantum valebat*.
4. The account stated.

The *indebitatus* count includes a count for real property sold, and such count was used to recover the price or value of an estate sold by the plaintiff to the defendant. See 1 Chit. Pl. (16th Amer. ed.) 351, 352, 354; *Siltzell v. Michael*, 3 Watts & S. 329. And it had been held in many cases that, where the agreement to pay the price of the land was to pay the same in money, such price could be recovered under a general count for lands sold and conveyed. *Nelson v. Swan*, 13 Johns. 483; *Bowen v. Bell*, 20 Id. 338; *Whitbeck v. Whitbeck*, 9 Cow. 266; *Goodwin v. Gilbert*, 9 Mass. 510; *Felch v. Taylor*, 13 Pick. 133; *Pike v. Brown*, 7 Cush. 133; *Basford v. Pearson*, 9 Allen, 387; *Elder v. Hood*, 38 Ill. 533.

We are of the opinion that the plaintiff could proceed, under his declaration and bill of particulars in this case, the same as if he had specifically named a count for lands sold and conveyed as one of the common counts, or as if he had counted generally for lands sold and conveyed.

But it is insisted that the contract in this case was not to pay any money for the land, but to exchange other property, to wit, the house and lot at Cadillac, for the same, and that in such case the contract and the breach of the same must be specially averred.

The general rule is as claimed by defendant's counsel.

When property, some specific thing or things, is to be delivered in payment for the lands, the agreement to so deliver, and the breach of the same, must be specially alleged; when a *special* contract has been *wholly* performed by one of the parties to it, and the other party can only perform his part by the *payment of money*, the *money* thus due can be recovered upon the common counts in assumpsit.

But when the contract on the part of the defendant is *not* to pay money, but to deliver to the plaintiff specified articles of property, the right of the plaintiff to recover the money

arises, not from the performance of the contract on his part, but from the *failure* of the defendant to deliver the property; consequently such failure must be specially pleaded. *Phip-pen v. Morehouse*, 50 Mich. 540; *King v. Kerr*, 4 Chand. (Wis.) 159; *Bradley v. Levy*, 5 Wis. 400.

It is claimed by defendant's counsel that in this case the plaintiff was not entitled to recover by simply showing that he had performed his part of the contract; that the obligation of the defendant to pay money for the land did not spring out of the performance of the plaintiff, but because the defendant refused to deliver the deed of the Cadillac property; therefore the plaintiff should have declared specially, and cannot recover on the money counts.

But it must be remembered that this promise, on the part of the defendant, to convey the Cadillac property in part payment of the lands received by him, was an oral one, and therefore within the statute of frauds, and one that he could not be obliged to perform.

What, then, are the rights, and what is the remedy, of the plaintiff ? He has conveyed the forty acres to the defendant, and the defendant has received it, and accepted the benefit of it. Does he not, in equity and good conscience, owe the plaintiff the balance of the price or value of the land in money? Is there not an implied promise on the part of the defendant to pay the plaintiff the price or value of the land conveyed? We think there is. Although he was not obliged to convey the Cadillac property, because his promise to do so was void under the statute of frauds, yet his refusal to convey had the effect to rescind the contract, and raised an implied promise to pay for what he had received upon it. *Gray v. Hill*, Ryan & M. 420; *Basford v. Pearson*, 9 Allen, 387, 392.

The case was properly submitted to the jury upon the theory that, if the plaintiff's version of the transaction was right, he was entitled to recover the difference between the

price of the land and the amount of the $700 mortgage, principal and interest, less what plaintiff had not paid upon the $50 mortgage, which defendant had paid in full.

The judgment is affirmed, with costs.

CHAMPLIN, J., concurred with MORSE, J.

SHERWOOD, J. I concur in the result.

CAMPBELL, C. J., did not sit.