January Term, 1862.

CURTIS v. MOORE.

---

## CURTIS VS. MOORE.

In a complaint before a justice of the peace, for a breach of warranty, an allegation that the plaintiff, on &c., exchanged certain property with the defendant for a horse "which the defendant expressly warranted to be," &c., shows sufficiently that the warranty was made at the time and in consideration of the exchange.

A demurrer to the *whole* complaint, containing several counts, must be overruled if one of the counts is good.

Whether a count in slander alleging that the words complained of were spoken in the *presence* of certain persons, without saying that it was in their *hearing*, is good, it was unnecessary in this case to determine.

One count in a complaint, being insufficient in its allegations as to facts constituting the *gravamen* of the action, cannot be helped out in that respect by the allegations of another count.

But mere matters of inducement should not be repeated in the several counts; and where such matters are stated in the first and referred to in the subsequent counts, though the first may be *otherwise insufficient*, the others will not be defective by reason of the omission to repeat such matters of inducement.

The circuit court overruled a demurrer "with ten dollars costs payable by the defendant to the plaintiff," and ordered that the defendant have leave to answer within twenty days, "first paying said ten dollars." This court construes the order as requiring the payment not absolutely but only in the event that the defendant chooses to answer.

APPEAL from the Circuit Court for *Dodge* County.

Slander. The words were, "That if ever a man swore false, *Curtis* did;" "*Curtis* swore to an up and down lie;" "If I had sworn as *Curtis* swore, I would have sworn to a lie." The other allegations of the complaint are sufficiently stated in the opinion of the court. A demurrer to the complaint was overruled.

*Smith & Ordway*, for appellant:

1. The words charged are not actionable, without proof of special damage, unless the testimony of the plaintiff to which they referred, was material evidence in the action before the justice. Van Santvoord's Pl., 272 ; id., Precedents,

463, note 1; 2 Archb., 963; 1 Starkie, 21; 3 Hill, 22; 1 Cary, 347, note a; 2 Nott & McCord, 364; 11 Wend., 396; 2 Denio, 208; 9 Cow., 30; 1 Am. Leading Cases, 157. The evidence referred to was not material, because the complaint in that action contained no cause of action, and no issue was made on the question of warranty. (1.) The complaint alleges no consideration for the warranty, nor does it show that it was not made after the exchange. 3 Blacks., 166; 2 Story on Con., 334 and note; Chitty on Con., 397, § 10, and notes 1 and 2. (2.) The exchange does not appear to have been made upon the credit of the defendant in that suit. The complaint should have averred that the plaintiff *relied* upon the warranty, and was thereby misled and damaged. 12 Barb., 336; 4 Cow., 440; Abbotts' Pl. & Forms, 258; 1 Archb. N. P., 357; No. 102, Forms under N. Y. Code, prepared by order of the legislature. 2. The first count in the complaint in this action is fatally defective, in not alleging that the words charged were spoken *in the hearing* of any person. 3 How. Pr. R., 406; 2 Dev., 115; 1 Code R., 117; Van Santvoord's Pl., 274; 1 Chitty's Pl., 406; 11 Greenl., 417; Hilliard on Torts, 243, 318; 3 Hawks, N. C., 474; 3 Chand., 26; Holt on Libels, 254, 290; 1 Starkie on Slander 210. 3. The first cause of action, being substantially defective, is to be considered as stricken out of the complaint. This being done, no further cause of action is stated in the remainder of the complaint. *Nelson vs. Swan*, 13 Johns., 482, 484. The system of incorporating into a complaint various counts for the same cause of action, is no longer allowed. 9 How. Pr. R., 552. Each cause of action must be completely set forth in a separate statement. R. S., p. 725; Laws of 1859, p. 96. The two subsequent statements of a cause of action are therefore not aided by the first. 4. The order overruling the demurrer is irregular, in that it imposes the payment of $10 costs of demurrer, payable absolutely. The statute fixes the costs in such a case at $3.00. R. S., p. 775, sec. 41.

*Billinghurst, Lewis & Fribert*, for respondent.

*By the Court*, DIXON, C. J. Demurrer to the complaint in

May 15.

January Term, an action to recover damages for slanderous words spoken,
1862.         imputing to the plaintiff the crime of perjury.

CURTIS       *Moore* brought suit in a justice's court against one Maine,
v.
MOORE        for an alleged breach of the warranty of a horse, and upon
the trial the plaintiff was called as a witness for Maine, and
testified to a conversation which he heard between the par-
ties, in which *Moore* admitted that there was no warranty.
It was in reference to this testimony that the perjury was im-
puted.   The testimony and pleadings in the action before
the justice. are set out in the complaint, and the principal
question upon the demurrer is, whether the testimony was
material.   The complaint in that action was as follows :
" The plaintiff in this action complains of the defendant for
that, on or about the 26th day of December, A. D. 1860, at
the town of Lowell in said county of Dodge, the plaintiff ex-
changed with defendant one yoke of oxen, one cow and one
calf (all of the value of one hundred dollars), for a horse,
and received from the defendant, on said exchange, a light
bay horse, which horse said defendant expressly declared
and warranted to this plaintiff to be of the age of nine years,
coming ten years old, yet said horse was at the time much
older, to wit, of the age of eighteen years; in consequence
of which advanced age of said horse, this plaintiff has sustain-
ed damage to one hundred dollars, for which he demands
judgment."   The defendant Maine answered, denying each
and every allegation.

It is insisted in support of the demurrer, that it appears on
the face of the complaint that there was no warranty—that
that which was so called was made after the exchange, and
without consideration ; and therefore the testimony was im-
material, and perjury could not be assigned upon it.   The
question is the same as if it had come up on demurrer before
the justice.

The complaint was obviously good.   It is a model for
brevity and perspicuity, well worthy of imitation in higher
courts.   There is no mistaking the allegation that the war-
ranty was made at the time and in consideration of the ex-
change.   The plaintiff exchanged the oxen &c, for a horse,
*which horse* the defendant expressly declared and warranted

to be of the age of nine, coming ten years. Such an averment would be good under any system of pleading, and is especially so under ours, which declares that the allegations shall be liberally construed with a view to substantial justice. R. S., ch. 25, sec. 21.

The complaint in this action contains three counts, charging the speaking of the slanderous words at different times and in the presence of different individuals; the matter of inducement prior to the *colloquium* such as the pendency of the action before the justice, the calling of the plaintiff as a witness, &c., being stated only in the first. The second and third counts refer to the first. In the first, the words are charged to have been spoken *in the presence* of one Peter Sprague and divers other citizens, but the words *and hearing* are omitted. This is said to be fatal to this count. The others are not objected to. The demurrer is to the whole complaint. It is an elementary principle, that if one of several counts in a declaration be proved (although the proof of all the others should fail), the party must recover upon it, unless it be radically insufficient in law. For by maintaining *one* good count, he establishes a complete right of recovery. And for the same reason, if, on demurrer to the *whole* declaration, any one of the counts is adjudged sufficient in law, the plaintiff will be entitled to judgment on that count, though all the others be defective. Gould's Pl., ch. IX, § 1; 1 Chitty's Pl., 664.

But it is urged that as the matters of inducement are stated in the first count only, if that be defective, the others must fail also—that no reference can be made to such inducement for the purpose of sustaining them. And we are referred to *Nelson vs. Swan*, 13 Johns., 483, where it was held, on demurrer to the whole declaration, one count being confessedly bad, reference could not be made to it for the purpose of aiding the other. It is undoubtedly true, as a general rule, that each count must stand or fall by itself, and that one cannot be helped out by the allegations of another. In that case each count, taken by itself, was bad in substance, and the court very properly decided they could not look to the first for the sake of supplying the defects of the second

January Term, in matters relating to the *gravamen* of the action. But in
1862.
matters of mere inducement the question is quite different.

Wustum
v.
City Fire Ins.
Co.

It is not only allowable, but correct practice requires, to avoid unnecessary repetition of the same matter, that in the subsequent counts reference should be made to the first, where the inducement is the same, in which case it is considered as if it were repeated in each count. 1 Chitty's Pl., 473. The first count may, therefore, fail as to the cause of action stated in it, and yet stand good as to the inducement in aid of the others. If it be conceded that the first count is bad, a question which we do not examine, the demurrer must still be overruled.

A question is made upon the form of the order. The demurrer was overruled, "with ten dollars costs, payable by the defendant to the plaintiff." It was further ordered that the defendant have leave to answer within twenty days, "first paying said ten dollars." It is objected that the payment of the ten dollars is made absolute by the first part of the order, and that if the defendant permitted final judgment to go against him on the demurrer, he must pay them in addition to the costs taxable by statute. We do not so construe the order. As we understand it, the payment is required only in the event the defendant chooses to answer over.

Order affirmed.