CATLIN vs. PEDRICK and another.

One separate defense, if defective in any material averment, cannot be aided by the averments of another separate defense.

Catlin vs. Pedrick and another.

In a foreclosure action the mortgagor and all parties interested in the funds arising from the foreclosure sale, have a right to insist upon proof being made of the filing of a notice of *lis pendens;* and a judgment of foreclosure rendered without such proof being made is irregular.

In an action to foreclose a mortgage given to secure a note, the answer alleged an agreement between the maker of the note (the defendant) and the payee (the plaintiff), by which the former was to furnish the latter certain materials and work, the value of which, when furnished, was to be indorsed on the note. It further alleged that such value would have been equal to the balance unpaid upon the note; and that the defendant was always ready and willing to perform, &c., but had been prevented by the plaintiff; and denied, therefore, that anything was due upon said note; but it contained no allegation of damages. *Held,* that a demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense, was properly sustained.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

Action to foreclose a mortgage made to secure a note of the defendants, *Cyrus* and *Marcellus Pedrick*, for $500, dated November 13, 1855, payable to the plaintiff in three years from date, with interest payable semi-annually. The complaint states that certain payments of principal and interest had been made, leaving due $294.17 with interest from November 13, 1859. The answer of the defendants first admits the making and delivery of the note and mortgage mentioned in the complaint, but denies that anything is due thereon. 2. "For a further answer," it alleges that on the 22d of August, 1859, the defendants entered into a contract in writing with the plaintiff, concerning the manner of payment of the balance then and still unpaid upon said note, to-wit: the defendants were to furnish materials for the stone work and do the mason work for a stone warehouse for the plaintiff, the walls to be completed by the 22d of October, 1859; the plaintiff to do the excavating and all the necessary joiner work for the building as it progressed, and advance to the defendants $200 in cash as soon as the first story was up, and indorse the balance upon said note. This part of the answer also states the dimensions of said warehouse, the thickness of the walls, and the rate at which the defendants were to be paid for materials

and work. It then alleges that the defendants have at all times since the execution of said agreement, been ready and willing to perform, but that the plaintiff has neglected to make the necessary excavation by him to be made, and has refused and still refuses to allow them to proceed with the said work and construction ; " wherefore the said defendants say nothing is due to the plaintiff from them." 3. The defendants "further answering say," that by reason of said neglect and refusal of the plaintiff, they were greatly injured in certain ways specified, to their damage $460, for which amount they demand judgment against the plaintiff, &c. The plaintiff replied by a general denial to that part of the answer marked (3); and demurred to that part marked (2), on the ground that it did not state facts sufficient to constitute a defense. The court sustained the demurrer.

On the trial of the other issues the defendants demanded a jury, which was denied by the court, and the cause was tried by the court alone. The record states, in substance, that the plaintiff gave in evidence the mortgage and note, and also the testimony of one Perkins, who testified that he had computed the amount due, &c., and then rested. It also states that no proof was offered, prior to the entry of judgment, of the filing of a notice of *lis pendens*. The defendants offered in evidence the contract referred to in their second defense, which was objected to by the plaintiff, and ruled out by the court, on the ground that there was no issue remaining on the pleadings except as to the amount due. *Marcellus Pedrick* was then sworn for the defendants, and they offered to show by him a readiness on their part to fulfill said contract, and that they had sustained damage to the amount of $350 by reason of the plaintiff's refusal to fulfill; but the evidence was objected to as irrelevant, and ruled out. The court found the facts as alleged in the complaint, and rendered judgment of foreclosure in the usual form.

*E. L. Runals*, for appellants :

1. Our statute does not allow a demurrer to an answer on the ground stated in the demurrer in this cause. Such a, demurrer is allowed only where the answer, on its face, "does not constitute a *counter-claim or* defense." R. S., chap. 125, sec. 15. 2. The statute also requires the *grounds* of the demurrer to be stated. It is not enough to state the general objection that the answer does not constitute a counter-claim or defense, but the specific objection should be stated at large. 6 How. Pr. R., 461; 1 Smith, 561. 3. The part of the answer demurred to constitutes a good defense. The building contract was a modification of the contract in the note and mortgage. It was an agreement, upon a good consideration, to pay for the amount secured by the note, in the construction of a warehouse. The plaintiff could not thereafter require money upon the note, any more than if the contract had been made in the beginning to take and to make payment in this mode. See 11 Johns., 441; 3 id., 531; 4 id., 621–3; 13 id., 56; 12 Wend., 408; 7 Hill, 250; Story on Con., § 982 b; 22 N. Y., 493; 9 Cow., 118; 2 Wend., 590.

*George Perkins*, for respondent :

The plaintiff had a legal right to abandon his contract and subject himself to damages for non-performance. *Clark v. Marsiglia*, 1 Denio, 317; *Lattimore v. Harsen*, 14 Johns., 329; But no damages are claimed in the defense demurred to. The measure of damages is not the price stipulated to be paid on full performance, but the actual injury sustained by reason of the default. Sedgw. on Meas of Dam., 210; *Wilson v. Martin*, 1 Denio, 602; *Spencer v. Halstead*, id., 606.

*By the Court*, DIXON, C. J. The demurrer to the second paragraph of the answer was properly sustained, and the evidence offered under the third properly excluded. The mistake of the pleader was in separating them so as to make two defenses out of matter which constituted but one. Together they would have made out a counter-claim, and let in the

proofs ; but apart, neither was sufficient, to permit any evidence to be received under it. Instead of resisting the demurrer, the plaintiff's attorney should have asked leave to amend by striking out the numerals which distinguished them as separate answers, and blending them into one. It is a general principle, recognized by this court in *Curtis vs. Moore*, 15 Wis., 134, that a count or defense, defective in any material averment, cannot be aided by reference to another count or defense ; and accordingly both rulings were correct.

But it appears that no proof was made of the filing of notice of the pendency of the action, as required by law, and exception is taken to the judgment on that ground. That was error, for which the judgment must be reversed. In *Manning vs. McClurg*, 14 Wis., 350, and *Spraggon vs. McGreer*, id., 439, we held, (overruling *Boyd vs. Weil*, 11 Wis., 58, so far as that case may be supposed to sanction a contrary doctrine,) that the mortgagor and all other parties interested in the funds arising from the sale, have the right to insist upon this proof, and that the judgment will be irregular for want of it. The judgment must therefore be reversed, and the cause remanded for further proceedings according to law.