## SABIN VS. AUSTIN.

Where an execution fails to specify where ʿand when the judgment was docketed on which it is issued, the defect is such as might be amended by the court after a levy and sale; and a sale made in pursuance of the writ is not void, nor will the certificate of sale be annulled by a court of equity by reason of such defect.

A separate count or defense, defective in any material averment, cannot be aided by the averments of another count or defense.

APPEAL from the Circuit Court for *Milwaukee* County.

*Austin* recovered a money judgment against *Sabin*, June 22d, 1863, which was docketed in the office of the clerk of said circuit court on the same day; and the next day an execution was issued thereon, which omitted to state the time and place of such docketing. The sheriff thereupon, on the same day, levied on the east half of a certain quarter section of land in Milwaukee county, which was the property of *Sabin*, advertised the same for sale, and sold it on the 8th of August to *Austin*, and executed the usual duplicate certificates of sale. The complaint in the present action recites the above facts, and alleges that said execution was void upon its face, and that the certificates of sale constitute a cloud upon plaintiff's title. For a second cause of action, the complaint alleges that *Sabin*, the plaintiff herein, on the 29th of July, 1863, caused to be served on the sheriff of said county a notice that he claimed the north half of said eighty above described, as his homestead. Proper allegations are then added to show that the land so claimed was in fact plaintiff's homestead, and exempt from levy and forced sale; and that " said sheriff by direction of said *Austin* by his attorney, disregarded said claim of this plaintiff, and on the said 8th day of August, 1863, did, notwithstanding the said notice, proceed to sell the whole of said eighty, and execute duplicate certificates of sale," &c. Prayer, that the certificate of sale be vacated and cancelled, and said levy and sale and all proceedings under them declared null; and for general relief. The defendant demurred, on the ground, among others, that the complaint did not state

a cause of action.  The demurrer was overruled; and defend-ant appealed.                                              •

*Peter Yates*, for appellant, to the point that if the execution was void, there was no cloud on plaintiff's title, cited *Van Do-ren v. Mayor &c.*, 9 Paige, 388; *Cox v. Clift*, 2 Coms., 118; *Gamble v. Loop*, 14 Wis., 465.  If the execution was only irregular, the proper remedy was by motion to the court from which it issued, to set it aside.  *How v. Kane*, 2 Chand., 222. 3.  The judgment debtor is required by the statute to notify the officer *at the time of his making the levy*, of what he regards as his homestead.  The statute which provides for an exemption is in derogation of the common law, and will not be ex-tended by construction.  *Rue v. Alter*, 5 Denio, *119*.  But if the plaintiff's notice was in time, and the sheriff disregarded it, there was an ample legal remedy by an order staying the sheriff's proceedings until the decision of a motion to set aside the levy, advertisement and sale.  Plaintiff by lying by for more than a year after the sale and the issuing of the certifi-cates, has waived the provision made for his benefit by the statute.  *Jones v. Dunning*, 2 Johns. Cas., 74.

*Martin & Hofer*, for respondent.

*By the Court*, COLE, J.  The ground of relief relied on in the first cause of action is, that the paper purporting to be an execution, and under which the sale was made, was simply a void writ and therefore conferred upon the sheriff no power to levy upon and sell real estate.  The principal objection taken to the execution is, that it fails to state when and where the judgment was docketed as required by sec. 8, chap. 134, R. S. This was undoubtedly a defect in the execution, as will be manifest by a reference to the language of the section just re-ferred to; but the question is, was the defect such as to render the writ absolutely void or only voidable ?  If it was a void process, then of course it conferred no authority whatever on the sheriff to proceed under it, and no title could be acquired

at the sale. But if the defect did not render the execution void, and was an error or defect which the court might have cured by amendment, then a different rule applies. *Woodcock v. Bennett*, 1 Cowen, 711. We are clearly of the opinion that the error or defect in this execution was one which the court might have supplied by amendment, and therefore that the acts done under it are not void, nor should a court of equity interfere and set aside the sale and annul the certificates upon that ground. This court has held that a sale made under an execution which was not sealed was not void, but that the purchaser acquired a valid title at the execution sale. *Corwith v. State Bank of Illinois*, 18 Wis., 560; see also *Mariner v. Coon*, 16 Wis., 465. The omission of the seal of the court from which the execution issues, would seem to be quite as serious a defect as the failure to state the time and place of docketing the judgment. And since the court would have been authorized to amend the execution in this particular, even on a direct application to set the same aside, we cannot hold the matters stated in the first cause of action sufficient to entitle the respondent to the relief he seeks.

It is very manifest that the matters stated in the second cause of action, when considered by themselves, are clearly insufficient and can only be sustained by reference to the facts stated in the first cause. Each cause of action, considered by itself, is bad in substance, and the second cause of action must be helped out by treating it as though all the material allegations of the first cause of action were incorporated in that count. This is bad pleading, within the decisions of this court, where the rule is laid down that a count or defense defective in any material averment cannot be aided by reference to another count or defense. *Curtis v. Moore*, 15 Wis., 134; *Catlin v. Pedrick*, 17 id., 88. Had the material facts set forth in the first count been properly incorporated in the second count, perhaps the party would have been entitled to relief so far as the homestead is concerned. That point is not in the case on this de-

murrer, and therefore we do not wish to be understood as deciding it.

The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.