MASON *v.* WESTON.

PLEADING.—Each paragraph of a complaint must be complete in itself. It: is not sufficient, in a second or subsequent paragraph, to refer to a fact or averment contained in a preceding one, without setting out such fact or averment.

PRACTICE.—In proceedings supplementary to execution, under the code, an affidavit is necessary, without which the proceeding should be dismissed.

JURISDICTION.—The Court of· Common Pleas has no jurisdiction to try the title of the wife to real estate which it is alleged in the complaint is held in her name for the purpose of assisting the husband to defraud his creditors.

PRACTICE.—DISCOVERY.—The proceedings supplementary to execution, and the mode of obtaining a discovery in all cases by interrogatories filed with the pleadings, as provided in the code, have superseded the former practice of a bill for discovery in case of a creditor's bill, and possibly in all other cases.

APPEAL from the *Ripley* Common Pleas.

FRAZER, J.—The record before us is a legal curiosity.   It purports to be of proceedings "before the Hon. *William A.*

*Cullen*, judge, &c., at a term begun and held, &c., on *Monday*, the 17th day of *June*, A. D. 1867," and yet it appears that the proceeding was commenced on the 9th of *October*, 1867, and ended in *April*, 1868. Then there is a bill of exceptions signed by "*John K. Thompson*, judge," a gentleman not the regular judge of that court, nor, so far as the record informs us, even acting as such in the trial of the cause. Of course, this bill of exceptions must be disregarded, and hence we can take no notice of anything contained in it. Its contents furnish reason for the conjecture that some of the proceedings were not exactly in accordance with the law. If these remarks shall induce clerks to use some greater knowledge and care than is too often done in preparing transcripts for this court, and counsel to see before submitting their causes that they have a sufficient transcript here, something will be gained in the administration of justice, and the occupants of this bench relieved of occasional vexation.

It is well said by the counsel for the appellant that this case is anomalous. The plaintiff called it below, upon the record, " proceedings supplementary to execution." There was a complaint in two paragraphs, making the appellant and his wife defendants. The first paragraph alleged a judgment in favor of the appellee against the appellant in the *Ripley* Common Pleas, the issue of an execution, and a return of *nulla bona*; that the appellant had property and moneys in said county not known to the plaintiffs, which he kept concealed, and refused to apply upon the judgment, and that his wife held in her own name in secret trust for the appellant, to enable him to defraud his creditors, a quarter section of land, described, of the value of $4,000, the property of the appellant, and also personal property worth $1,000, which could not be described because unknown. The second paragraph related exclusively to the land, and contained such averments as would be proper in a complaint to subject the land to execution, except that it did not allege, save by reference to the first paragraph, which was

no averment at all, that the plaintiff had any judgment or
demand against the appellant. Neither of these paragraphs
was verified by affidavit. The appellant and his wife were
brought in by the service of an ordinary summons. There
were motions to strike out this complaint, to set aside the
process, and to dismiss the proceeding, which were severally
overruled. It is claimed that the allegations should have
been verified by affidavit. It is evident that an attempt
was made in this case to proceed under section 519 of the
code, (2 G. & H. 261), but that statute requires an affidavit,
without which the proceeding should have been dismissed.
But, whatever was intended, the case was not properly one
under that statute. A summons was not the process which
it requires. The court below seems to have regarded it, in
spite of the plaintiff's nomenclature, as a suit, formerly in
chancery, to discover the debtor's property, and subject it
to execution. We are not prepared to say that this was incor-
rect. It is a plausible proposition, however, that the court
might properly have taken the plaintiff at his word, and act-
ed upon the assumption that the proceeding was what he
designated it. Separate demurrers to each paragraph of
the complaint were overruled, and this is assigned for error.
We must, upon this question, reverse the judgment.
Regarded as a complaint, the first paragraph alleged noth-
ing as to personal estate, upon which a judgment could,
under the present practice, be predicated. It alleged ignor-
ance of the essential facts within the jurisdiction of the
Common Pleas Court to act on, and an answer admitting
the truth of its allegations would not have enabled the
court to grant any relief. It could not have subjected the
personal property to execution, because its nature and
description did not appear. It could not have subjected the
real estate held by the wife to execution, for the reason that
it had no jurisdiction to render such a judgment. That
would be to pass upon the question of the wife's title to
real estate, which the Common Pleas has not power
to do. A discovery in such a case, under the code, can

always be had under section 519, and we do not perceive that a complaint for such discovery will now lie. It is certainly unnecessary, the proceeding supplementary to execution being ample. The plaintiff may, in all cases, obtain a discovery by interrogatories filed with the complaint, and upon the filing of answers to them, he may, on leave, which would always be given, so amend his complaint as to meet the facts. Or he may take the defendant's deposition. These provisions, we think, take the place of the former bill for discovery, and supersede it, in a case of this sort, at least, and possibly in every case. 2 G. & H., § 295, p. 188.

The second paragraph was bad for both causes assigned by the demurrer. 1. The want of sufficient facts, as already stated. 2. That the Common Pleas had no jurisdiction of the subject matter. The cause was dismissed as to the wife of the appellant after a verdict for the plaintiff, pending a motion by her for a new trial, and then a judgment was rendered subjecting the land to execution, the title to which was in her. It need hardly be said that the judgment was utterly void as against her.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the appellant's demurrers.

*H. W. Harrington, M. K. Rosebrough,* and *S. M. Jones,* for appellant.