## ABENDROTH AND WIFE vs. BOARDLEY AND WIFE.

PLEADING: (1.) *Matters of inducement stated in first count to be merely referred to in subsequent counts.* (2, 3.) *" Commencement " of complaint; averments not to be repeated.*

1. Matters of *inducement,* and not of the *gravamen* of the action, having been stated in the first count of the complaint, need not and should not be repeated, but merely referred to, in the subsequent counts.
2. Facts showing the character or right in respect of which parties to the action have been made such, form properly the *commencement* of the complaint, distinct from the several counts, and equally applicable to them all.

3. Where, therefore, a complaint in slander for words spoken by the female defendant of the female plaintiff, commenced by stating that at the time the defamatory words thereinafter mentioned were spoken, defendants were husband and wife, and that plaintiffs were husband and wife when the action was commenced, the second count (which was for words different from those charged in the first) was not bad for not repeating these averments.

APPEAL from the Circuit Court for *Outagamie* County.

*Geo. H. Myers*, for appellants.

*Warner & Ryan*, for respondent.

LYON, J. This is an action brought to recover damages because of the alleged speaking, by the defendant *Mrs. Boardley*, of certain defamatory words to, of and concerning the plaintiff *Mrs. Abendroth*. The complaint commences with averments that at the time of the speaking of the defamatory words thereinafter mentioned, the defendants were husband and wife, and that when the action was commenced the plaintiffs were husband and wife. Then follows a statement, in the usual form, of defamatory words which it is alleged were spoken by *Mrs. Boardley* to *Mrs. Abendroth* in the presence and hearing of other persons. Then follows the statement of a " second cause of action," also in the form usual in such actions, which charges the speaking by *Mrs. Boardley* to third persons, of certain other defamatory words, of and concerning *Mrs. Abendroth*. In this second cause of action, or count, there is no averment that the plaintiffs were husband and wife, or that the defendants were husband and wife, when such defamatory words were spoken, or at any other time.

To the first count or cause of action the defendants answered, making an issue of fact thereon; and they demurred to the second count, on the ground that it did not state facts sufficient to constitute a cause of action, and for defect of parties plaintiff and defendant. The circuit court sustained such demurrer, and

the plaintiffs appeal to this court from the order sustaining the same.

The only objection made to the second count is, that it omits to repeat the former averments of the marriage relations existing between the respective parties, and therefore fails to show that the two husbands are necessary or proper parties to the action. The following decisions of this court are relied upon as showing that such omission is fatal to the count : *Curtis v. Moore*, 15 Wis. 134; *Catlin v. Pedrick*, 17 id. 88; *Sabin v. Austin*, 19 id. 421.

The principle decided in those cases is stated very accurately in a head-note to the first case, as follows: " One count in a complaint, being insufficient in its allegations as to facts constituting the *gravamen* of the action, cannot be helped out in that respect by the allegations of another count." After asserting that principle, however, the chief justice, who delivered the opinion in that case, says: " But in matters of mere inducement the question is quite different. It is not only allowable, but correct practice requires, to avoid unnecessary repetition of the same matter, that in subsequent counts· reference should be made to the first, where the inducement is the same, in which case it is considered as if it were repeated in each count." (p. 138.) That this is a correct statement of the law on the subject, I have no doubt. The rule is elementary.

Now the averments that the plaintiffs are husband and wife, and that the defendants are husband and wife, are clearly matters of inducement, and are not of the *gravamen* of the action, and a repetition of these averments should be avoided. 1 Ch. Pl. 413; id. 280.

But I do not think that these averments form a part of the first count of the complaint. They precede the statement of any cause of action, and are part of what is known as the *commencement* of the complaint, which is a portion thereof entirely distinct from the counts or

statements of the cause of action. The statements properly contained in such commencement are applicable to all of the counts, and it is not only unnecessary, but would be bad pleading, to repeat them. It is correct practice to state in the "commencement" of a declaration or complaint, the character or right in respect to which the parties to the action have been made such; and this is precisely what has been done in this case. 1 Ch. Pl. 280.

*By the Court.*—The order of the circuit court sustaining the demurrer is reversed, and the cause remanded for further proceedings.