SUSENGUTH vs. THE TOWN OF RANTOUL.

*January 9 — February 3, 1880.*

TOWNS: Injuries from defective highway.    *(1) Notice to town of claim.*
    *(2)* PLEADING: *separate counts: what each must show.*

1. In an action against a town for injuries suffered in 1875 by reason of a defective highway, notice in writing to the town board, of the character defined in ch. 86 of the laws of that year, must be alleged.
2. The complaint, after averring injuries to plaintiff from a defective highway of the town, alleged as " another and further cause of action," that, " by reason of said injury so received as herein set forth," plaintiff was wholly unable to carry on a certain manufacturing business in which he had previously been engaged, and that he lost in consequence a large amount of trade, to his damage, etc. This count, not otherwise averring any defect in the highway, or that the injury was caused thereby, is *held* insufficient, on demurrer.

APPEAL from the Circuit Court for *Calumet* County.

Action for injuries received by plaintiff November 27, 1875, while traveling along a highway in the defendant town, and alleged to have been caused by the defective condition of the highway. After the usual allegations to show defendant's liability for the condition of the highway, the nature of the defect, and the circumstances of the accident, the complaint alleges that plaintiff was thereby greatly bruised and injured, rendered sick, lame and disabled, and wholly unfit to move or go about and attend to his business for more than seven months, and was rendered a cripple for life. The nature of

plaintiff's business is then stated, and it is alleged that by reason of said injury he will always be prevented from conducting said business, or any other "requiring the use of his legs, and necessitating his traveling or moving about," to his damage $5,000.

"For another and further cause of action," it is alleged that at the time of the accident plaintiff was, and for a long time had been, a manufacturer of soda water, spruce and root beer, etc., and had a large and lucrative business in their manufacture and sale in certain counties named; that for the purpose of said business he owned and operated a factory in a place named; that the manufacture and preparation of said articles required great skill on his part; that "by reason of the said injury so received as hereinbefore set forth," he was wholly unable to operate said factory, and was also unable to procure other persons skilled in the manufacture of said articles to operate it and supply his customers; that the factory therefore remained idle for seven months from the day of the accident, and his customers, or some of them, were supplied with said articles by other manufacturers; and that thereby plaintiff's said trade and business was greatly injured and diminished, to his damage $1,000.

For a third cause of action, it is alleged that, by reason of "the said injury hereinbefore set forth," plaintiff was compelled to expend large sums of money for medicines, medical aid and other attendance, to his damage $250. Judgment is accordingly demanded for the several sums above named, etc.

Defendant demurred separately to the second and third causes of action, for insufficiency of facts. The demurrers were overruled, and defendant appealed from the order.

For the appellant, there was a brief by *Coleman & Spence*, and oral argument by *Mr. Spence*.

The cause was submitted for the respondent on briefs of *J. E. McMullen*.

COLE, J.    The defendant demurred separately to the second and third causes of action set forth in the complaint, on the ground that each is insufficient in law.    In the second count, or paragraph, the plaintiff claims damages which he alleges he has sustained in consequence of being unable personally to attend to and operate his factory for the preparation of soda water, spruce and root beer, and bottled cider, articles which he was largely engaged in manufacturing when he received the injury in the first count mentioned; and also for damages for loss of trade sustained by him by reason of not being able to supply his customers with these articles of drink.    In the third count, he seeks to recover the expense incurred by him and money paid out during his sickness for medical aid and attendance and for medicines.    A number of objections are taken to each count.    It is said that the loss or damage stated in each does not of itself constitute a distinct cause of action, but is the natural and proximate result of the injury set forth in the first count, and should have been included in that cause of action, by way of special damage.    Doubtless this method of alleging special damage resulting from a wrong is not usual, but it is not the most serious objection to these counts.

The gravamen of the action is plainly the injury which the plaintiff sustained through the negligence of the defendant town to keep its highway in repair.    But neither count contains any averment that there was an insufficient highway in the town, which the town neglected to repair, and which caused the injury; nor is there any allegation that the matters set forth in the first count in that regard, are incorporated by reference in these counts, even if such a mode of pleading to help out a cause of action defectively stated, were allowable under the decisions in *Curtis v. Moore*, 15 Wis., 134; *Catlin v. Pedrick*, 17 Wis., 88; and *Sabin v. Austin*, 19 Wis., 421. But there is a still more serious objection to each of these counts.    It is nowhere averred in either that notice of the

injury was given the town authorities as required by chapter 86, Laws of 1875. The injury of which the plaintiff complains was received on or about the 27th of November, 1875, and of course this statute controls as to the remedy; and it is insisted by the defendant's counsel, that the giving of the required notice was essential to the right to maintain the action. This position, we think, is sound. This giving of the notice is, undoubtedly, in the nature of a condition precedent to the right to sue the town for damages; for the liability of the town for an injury occasioned by a defective highway is statutory, and it is undoubtedly competent for .the legislature to regulate the remedy. It has done so by providing that no action, after this law took effect, should be had or maintained in any court in this state, against the town, for injuries received or damages sustained through the insufficiency or want of repair of any highway or bridge, *unless notice shall have first been given in writing* to one or more of the town board of supervisors of the town in which the highway or bridge is situated, by the person injured or claiming damages, within sixty days of the time of the occurrence of the injury or damage, stating the place where such injury or damage occurred, describing the insufficiency or want of repair which occasioned such injury or damage, and that he or she so injured or damaged will claim satisfaction of such town. If each count were otherwise good, it would be fatally defective for want of an averment that this notice was duly given before the action was commenced. See 40 Wis., 44; 46 Wis., 559 and 695.

The order overruling the demurrers to the second and third causes of action must therefore be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.