C. J. Clark et al., Respondents, v. Whittaker Iron Company, Appellant.

### January 25, 1881.

1. A petition which states no cause of action is not aided by verdict.
2. Each count in a petition must state a cause of action; one count is not aided by another unless reference thereto is expressly made.

Appeal from the St. Louis Circuit Court, Wickham, J. *Reversed and remanded.*

John G. Chandler, for the appellant.

C. M. Switzer, for the respondents.

Thompson, J., delivered the opinion of the court.

This was an action for money alleged to have been earned by the plaintiffs, as agents for the defendant, as commissions on certain sales of merchandise. There are two counts in the petition. The case was tried in the court below without a jury, and judgment was rendered for the defendant on the first count, and for the plaintiffs on the second count. The defendant alone appeals ; and therefore the questions which arise depend wholly upon the second count.

The two counts are blended together in a single paragraph, and read as follows : " Plaintiffs state that they are a firm doing business in the City of St. Louis and State of Missouri, under the style of Clark & Kennett ; that in May, 1878, they entered into an agreement with defendant whereby plaintiffs undertook to sell defendant's sheet-

iron in the city of St. Louis, and for their services defendant agreed to pay plaintiffs $1 per ton upon all sales made by them. Plaintiffs state that defendant agreed to allow them to sell its iron at as low figures as those offered to any of its other agents. Plaintiffs further state that, on or about the twentieth day of May, 1878, they had commenced negotiations for a sale of five thousand bundles of defendant's sheet-iron, of one hundred and fifty pounds each, to the Excelsior Manufacturing Company of St. Louis, and were prevented from completing same by defendant permitting its Chicago agent to make said sale at ten cents per hundredweight less than plaintiffs were authorized at; that plaintiffs' commissions on said sale amounted to $350, which defendant refuses to pay, although requested so to do. Wherefore, they ask judgment for $350, with interest at six per cent from the twelfth day of June, 1878, and costs. And, for, their second cause of action, plaintiffs state that on or about the twelfth day of June, 1878, and during the existence of their agency for defendant, they sold Bridge, Beach &. Co., of St. Louis, three thousand bundles of defendant's sheet-iron, of one hundred and fifty pounds each, but were prevented from delivering the same by the default and unwarranted acts of defendant; that plaintiffs' commissions upon said sale amounted to $210, which defendant refused to pay, although requested so to do. Wherefore, plaintiffs ask judgment for $210, with interest from June 12, 1878, and costs.''

At the commencement of the trial the defendant objected to any evidence being offered under the pleadings as they then stood. This objection the court overruled. As the judgment which is before us for review was entered under the second count only, this objection calls in question the sufficiency of that count of the petition. The writer of this opinion, speaking only for himself, is of opinion that the practice of answering a defective petition and waiting until the witnesses have been assembled for the trial, and

then objecting to any evidence being offered under it for the reason that it does not state a cause of action, is one not to be favored; since it results in calling the parties and their witnesses together, not unfrequently at considerable expense, to attend a trial, only to discover that, in consequence of an objection in the nature of a general demurrer interposed at the last hour, there is really no cause to be tried. Under such an objection, if a cause of action can fairly be gleaned from the petition, it ought to be held sufficient.

But it seems clear that the second count of this petition states no cause of action whatever. The rule, both at common law and under our system of pleading, is that each count in the petition must state a good cause of action within itself (*Leabo* v. *Detrick*, 18 Ind. 414; *Day* v. *Vallette*, 25 Ind. 42; *Mason* v. *Weston*, 29 Ind. 561; *Silvers* v. *Railroad Co.*, 43 Ind. 435, 445; *Durkee* v. *Bank*, 13 Wis. 216, 222; *Nelson* v. *Swan*, 13 Johns. 483), and cannot be aided by a preceding count, unless such reference is expressly made. *Crookshank* v. *Gray*, 20 Johns. 344; *Stiles* v. *Nokes*, 7 East, 493; *Hitchcock* v. *Munger*, 15 N. H. 97; *Mardis* v. *Shackleford*, 6 Ala. 433, 436; *Morrison* v. *Spears*, 8 Ala. 93; *Robinson* v. *Drummond*, 24 Ala. 174; *Curtis* v. *Moore*, 15 Wis. 134, 137; *Catlin* v. *Pedrick*, 17 Wis. 88; *Sabin* v. *Austin*, 19 Wis. 421; *Barlow* v. *Burns*, 40 Cal. 351. The rule is the same in regard to counts in the answer. *National Bank* v. *Green*, 33 Iowa, 140. See also *Maupay* v. *Holley*, 3 Ala. 103; *Dent* v. *Scott*, 3 Har. & J. 28; *Swift* v. *Woods*, 5 Blackf. 97; *Wetherill* v. *The Inhabitants, etc.*, 5 Blackf. 357; *Markin* v. *Jornigan*, 3 Ind. 548; *Denham* v. *Stilwell*, 3 Robt. 653. The rule was somewhat liberally applied under the old system, where the several counts in a declaration, though in theory stating different causes of action, were in fact different statements of the same cause of action; so that the first count in a declaration in *assumpsit*, which failed to aver

demand and refusal, might be aided by the second count, which contained such averment. *Rider* v. *Robbins*, 13 Mass. 284. But under the codes the rule is more stringent, so much so that in Indiana it is held that one paragraph (as it is there termed) of a pleading which is insufficient in itself, cannot be aided by reference to another (*Mason* v. *Weston*, 29 Ind. 561; *Silvers* v. *Railroad Co.*, 43 Ind. 435, 445; *Potter* v. *Earnest*, 45 Ind. 416); and we understand the rule to be the same in Wisconsin, although it is not distinctly stated in the preceding cases. In that State, two exceptions to the rule have been declared. First, matters of inducement need not, and ought not, to be repeated in each count; it is only as to the *gravamen* of the action that one count cannot derive aid from another. *Curtis* v. *Moore*, 15 Wis. 134; *Abendroth* v. *Boardley*, 27 Wis. 555. Second, averments which precede the statement of any cause of action, and are part of what is known as the *commencement* of the complaint, being entirely distinct from the counts or statements of the cause of action, need not be repeated. Chitty's Pl. 280; *Abendroth* v. *Boardley*, 27 Wis. 555, 557.

Tested by these principles, the second count of the declaration, on which the judgment appealed from was rendered, is so defective as not to be aided by verdict, even under our very broad statute of jeofails. If it is to be regarded as a count *ex contractu*, it does not set out any contract between the plaintiffs and the defendant, whereby the plaintiffs agreed to become the agents of the defendant to sell their iron, and whereby the defendant agreed to pay the plaintiffs any commissions on such sales, and if so, what commissions. Nor does it show any contract or engagement which bound the defendant to ratify the alleged sale of iron to Bridge, Beach & Co., and to deliver the iron in accordance with the terms of such sale. It further states that the plaintiffs were prevented from delivering the iron which they had sold to Bridge, Beach & Co., but neither it

nor the other count ' shows any contract which gave the plaintiffs the right to deliver the defendant's iron to any purchaser. If it is to be treated as a count *ex delicto*, no facts are stated from which a legal duty arises on the part of the defendant toward the plaintiffs to pay them the amount claimed as commissions on the alleged sale to Bridge, Beach & Co., or upon any other sale.

If we are right in these views, it becomes unnecessary to consider the other errors assigned, for it is not likely that the same rulings would be made if the cause were tried under proper pleadings.

The judgment is reversed and the cause remanded. The other judges concur.