## BRONSON and another vs. MARKEY and another.

*September 27 — October 18, 1881.*

PLEADING.    *Uses of general demurrer.*

1. Where one count of a complaint states, in itself, a good and complete cause of action, a general demurrer thereto will not lie merely because another count attempts and fails to state another cause of action.
2. The failure of one count in the complaint to state a cause of action against *one* of two defendants, cannot be reached by a general demurrer thereto of the *other* defendant; and the objection that there is a misjoinder in such a case must be taken by demurrer or plea in abatement for the misjoinder.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint, after alleging the partnership of the plaintiffs, states that, between October 16, 1877, and April 3, 1878, at the special instance and request of the defendant *James Markey*, they sold and delivered to him certain lumber and other building materials for the erection of a building, for the agreed price of $642.85, which the said defendant agreed to pay to them, and that said sum became due and payable to plaintiffs from said defendants before the commencement of this action.    For a second cause of action, the complaint states that, between the dates above mentioned, at the special instance and request of *James Markey*, plaintiffs sold and delivered to him certain other lumber and other building materials for the erection of said building, to the value of $267.86, for which the said defendant promised to pay the

plaintiffs what the same were reasonably worth; that they were reasonably worth the sum of $267.86; and that said sum became due and payable to the plaintiffs before the commencement of this action. The complaint further alleges that all of said building materials were furnished to be used, and were actually used, in the erection and construction of a certain brick building, situated upon premises described, being less than one acre in extent and within an incorporated city, of which premises the defendant *James Markey* was, at the times aforesaid, the owner in fee and in possession; that *James Markey* and the defendant *Margaret A. Markey*, his wife, one or both of them, now own or claim to own said premises, and that said *Margaret A. Markey* has or claims to have some interest in or title to said premises, which interest or title, if any, was acquired subsequent to the time of furnishing the building materials aforesaid, and is subject to the lien of the plaintiffs. The complaint then shows the filing by plaintiffs, in due time and form, of a petition for a lien on said premises. It further states that by reason of the premises the defendant *James Markey* became indebted to the plaintiffs for said building materials, in the sum of $910.71; that no part of such sum has been paid, except the sum of $476.38; and that there is now due the plaintiffs from said defendant, over and above all payments made on account of said materials, the sum of $434.33, with interest thereon from April 3, 1873. Thereupon the complaint demands judgment against *James Markey* for $434.33 and interest; that said judgment be declared a lien upon the building above mentioned, and upon all the right, title and interest which said defendant had in and to the premises from the time when said materials were furnished; that the right, title and interest of the defendant *Margaret A. Markey* in and to said premises be adjudged to be subject to the lien of the plaintiffs; and that execution issue, and a sale of the premises be made as provided by law.

The defendant *James Markey* demurred generally "to the

first cause of action stated in the complaint;" and both defendants appealed from an order overruling the demurrer.

*J. V. V. Platto*, for appellants.

*R. K. Adams*, for respondents.

ORTON, J. The general demurrer to the first count of the complaint was properly overruled, because it contains the statement of a good cause of action in itself.

The principle asserted in the brief of the learned counsel for the appellants as "a settled rule, that each cause of action stated in a complaint must stand or fall by itself," is fatal to the demurrer and to this appeal. *Curtis v. Moore*, 15 Wis., 134; *Catlin v. Pedrick*, 17 Wis., 88; *Sabin v. Austin*, 19 Wis., 421; *Wheeler v. Hall*, 41 Wis., 447. After the assertion of this "settled rule," the learned counsel rather illogically refers to the imperfect and defective statements in the second count, in which a mechanic's lien is attempted to be set up, as the grounds of the demurrer to the first count alone, when, in such first count, nothing at all is said about a mechanic's lien. The first count is for goods, wares and merchandise sold and delivered for a specific or agreed price, which sum became due and payable before the commencement of the action; and the facts alleged therein, if proved, are clearly sufficient to entitle the plaintiff to a personal judgment against the defendant *James Markey.*

That *Margaret A. Markey*, the wife of *James*, is not interested in the first cause of action, can be taken advantage of only by demurrer or plea in abatement on the ground of misjoinder of defendants, and not by a general demurrer on the ground that the first count does not state a cause of action. If such defect is sought to be reached by demurrer, it must be by the party defendant so misjoined. This demurrer is interposed by *James Markey* alone, who is interested in the matters of the first count. *Truesdell v. Rhodes*, 26 Wis., 215.

*By the Court.*— The order of the circuit court overruling the demurrer is affirmed.