JOSEPH NEIER, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

12   35
157s 641

March 28, 1882.

1. If the substance of the cause of action is sufficiently stated in one count, it will support a verdict, though matters of inducement are not set out except by reference to another count in the petition.

2. In an action by a husband for the loss of the services of his wife by reason of injuries occasioned by the negligent acts of the defendant, a recovery may be had for expenses incurred by reason of such injury, as well as for the loss of her services directly resulting from the injury.

3. A railroad company whose track is laid upon a public street has no exclusive right to use such street for the purpose of running its trains thereon.

4. Negligence of the plaintiff which contributes remotely to the injury will not prevent a recovery, if the defendant, after discovering the danger, could, by the exercise of reasonable care, have avoided the injury.

5. If the plaintiff, after notice of the danger, could, by reasonable care, have avoided the danger, there can be no recovery, although the speed of the defendant's train exceeded the limit fixed by ordinance.

6. In the use of a public street, all persons are required to exercise reasonable care to avoid a collision, according to the different modes of travel adopted.

7. Under a petition stating the specific act of negligence to have been the high rate of speed of the defendant's train, it is not improper to instruct as to the question whether the defendant, after discovering the danger, could, by exercising reasonable care, have avoided the injury.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Affirmed*.

E. A. ANDREWS and H. S. PRIEST, for the appellant.
LOUIS GOTTSCHALK, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action instituted by plaintiff to recover for the loss of services of his wife, occasioned by the carelessness of defendant's servants in running its locomotive on a street of the city of St. Louis, at a speed prohibited by city ordinance. The evidence in the case as to the circumstances of the accident was substantially the same as in the case of Neier and wife against the same defendant. *Ante*, p. 25. The two causes were argued together and submitted together by appellant upon the same brief.

It is unnecessary to go over the points considered in that case; as to these points, which are also made in this case, we refer to our opinion delivered in that case.

There was, in this case, a second count in the petition, in which plaintiff sought to recover for injury done to his wagon and harness. The jury found a verdict of $2,000 on the first count, and of $85 on the second count, and there was judgment accordingly.

1. The second count in the petition is as follows: "Plaintiff, having referred to the parts as stated in the first count of the petition, further, and for a second cause of action, states that, by reason of the careless acts of defendant, as stated in the first count of the petition, in negligently running its locomotive, on August 9, 1880, against the milk-wagon of the plaintiff, on Poplar Street, in the city of St. Louis, the said wagon was upset and broken, and the harness of the horse which then was hitched to said wagon entirely broken and ruined, and said horse also injured, by which he was compelled to hire another horse and wagon; that the contents of the said wagon, consisting of milk-cans, milk, and other articles, were also destroyed and lost, all to the damage of plaintiff of $250, for which, with costs, he prays judgment." Appellant claims that this count states no cause of action, and is so defective that it cannot be aided by verdict. The right of plaintiff to institute the action, the character in which he

sues, and in which defendant is sued, are matters of inducement. The injury through defendant's negligence, the gist or substance of the cause of action, seem to be stated sufficiently to support the verdict. A cause of action can fairly be gleaned from the count, and the reference to the former count for matters which are not of the gravemen of the charge does not come within the rule laid down in *Clark* v. *Whittaker* (9 Mo. App. 446). The objection to the petition is, we think, too late.

The cause was submitted to the jury upon the following instructions, of which the last two were given at the instance of defendant: —

1. " The court instructs the jury, that although they may believe from the evidence that the plaintiff or his wife was guilty of some negligence or imprudence which remotely contributed to the happening of the accident complained of, yet if the jury further believe from the evidence that the defendant, by its agents, servants, or employees, after discovering the danger in which plaintiff's wife was placed, could, by the exercise of ordinary care and prudence, have avoided the calamity, they will find for the plaintiff."

2. " The court instructs the jury, that if they find for plaintiff, they should assess his damages on the first count at such sum as is shown by the evidence will compensate him for the expenses he has necessarily incurred in nursing and taking care of his wife for the time she was diseased and disabled, on account of the injury she has sustained, by reason of the accident complained of, including compensation for doctor's bill, cost of medicines, and of nurses or attendants, and also for the loss of her services directly resulting from the injury."

3. " The court instructs the jury, that if they believe from the evidence that the injuries to plaintiff's wife complained of, were caused by the negligence of any agent, servant, or employee of defendant's while running, conducting, or managing the locomotive, cars, or train of cars which struck

the wagon on which plaintiff's wife was sitting, then the jury should find for plaintiff, provided that plaintiff, as well as plaintiff's wife, were without fault or negligence directly contributing to the injuries."

4. "The court instructs the jury, that if they believe from the evidence that Poplar Street, between Main and Second Streets, in the city of St. Louis, is a public street or highway, and that the same had been in public use by the citizens of the city for travel prior and up to the day of the injury complained of, then the jury are instructed that the right on the part of the defendant to run along said street or highway is not an exclusive one."

5. "The court instructs the jury, that in the use of a public highway such as said Poplar Street, all persons are required to exercise reasonable care and prudence to avoid a collision, according to the different modes of travel adopted by each, and in considering this case you are at liberty to take into consideration all the facts and circumstances which affect the modes of travel adopted, and measure the care and caution required of both the plaintiff's wife, Catherine, and the defendant, by such facts and circumstances."

6. "The court instructs the jury, that if they find from the evidence that plaintiff's wife, Catherine, was in the habit of going in and along Poplar Street, between Second and Main Streets, in the city of St. Louis, about the time she so entered and passed along said street on the morning in question; that on or about the time she so entered, it was customary for a train or trains of defendant to pass over and along said street; that on the morning of the accident a watchman or flagman was stationed by the defendant at the intersection of Second and Poplar Streets aforesaid, for the purpose of warning persons on foot and in vehicles of the approach of defendant's said train or trains, and that said watchman or flagman did so warn and notify plaintiff's wife, Catherine, of the approach of a train; or if you further

find that plaintiff's wife, Catherine, had any other timely notice thereof, and that by the exercise of reasonable care and prudence on her part, she could have avoided the injuries she received, you will find for the defendant in both counts, although you may believe that the speed of defendant's train exceeded the limit provided by the ordinance read in evidence."

We think that these instructions were a declaration of the law applicable to the evidence in the case, of which defendant has no reason to complain.

Appellant says that the petition of plaintiff sets up a specific act of negligence, — that of running defendant's locomotive at a dangerous rate of speed, and at a rate prohibited by city ordinance; that the only issue made by the pleadings as to negligence of defendants, is disregarded by instruction numbered 1, and a new issue made, as to whether the servants of defendant, after discovering the danger in which plaintiff's wife was placed, could reasonably have avoided the accident.

We see no force in this objection. The petition distinctly alleges as an act of negligence that defendants were running the locomotive " so carelessly and recklessly, and at such a high rate of speed, that it ran into plaintiff's wagon," etc. If the rate of speed at which defendant's locomotive was being run about defendant's business, by defendant's servants, however slow, was a rate which could, after the discovery of the danger to plaintiff's wife, have been reasonably rendered still slower by the engineer, so as to avoid the collision, the rate of the locomotive at the moment of the accident was a carelessly and recklessly high and improper rate of speed. We see nothing in the instruction which could possibly have worked any surprise to defendant.

We think the judgment should be affirmed. It is so ordered, with the concurrence of Judge THOMPSON; Judge LEWIS is absent.